J. S01022/17

2017 PA Super 209

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BARRY G. JOHNSON-DANIELS, :
:
Appellant : No. 919 MDA 2016

Appeal from the Judgment of Sentence February 8, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004222-2014

BEFORE: GANTMAN, P.J., DUBOW, J., and MUSMANNO, J.

OPINION BY DUBOW, J.: **FILED JULY 05, 2017**

Appellant Barry G. Johnson-Daniels seeks review of the Judgment of

Sentence entered by the Court of Common Pleas after the entry of

Appellant's guilty plea. He challenges the court's refusal to grant his pre-

sentence Motion to withdraw his guilty plea, and the discretionary aspects of

his sentence. After careful review, we affirm.

The facts, as gleaned from the certified record, are as follows. Police

officers in Harrisburg received a tip from Crime Stoppers that Appellant was

selling drugs on a street in an area known for drug trafficking. On December

24, 2013, a confidential informant ("CI") working with the Harrisburg Police

Department purchased crack cocaine from Appellant at a carwash on Derry

Street at a planned meeting. Police officers immediately arrested Appellant

after a struggle.[1] Police officers recovered a bag containing 35 grams of cocaine laying under Appellant's body once they subdued him. They also found cash from Appellant's person and, pursuant to a search warrant for Appellant's vehicle, found heroin packaged in 59 individual packets, $4,000 in cash, and five cell phones, including one with the phone number the CI used to set up the drug purchase.

Appellant was charged with two counts of Possession with Intent to Deliver a controlled substance ("PWID") and related drug offenses, as well as Escape, Flight to Avoid Apprehension, Resisting Arrest, and two summary driving offenses, for a total of 11 counts. Appellant remained free on bail. *See* Notes of Testimony ("N.T.") Plea, 12/8/15, at 15-18.

On December 8, 2015, just prior to picking a jury, Appellant entered an open guilty plea to all charges. At that hearing, Appellant underwent an extensive waiver colloquy. Appellant's attorney stated that he had apprised Appellant of the elements of the crimes charged. Appellant agreed that he "is aware of the elements of the crimes charged, the burden of production and persuasion that the Government has the duty of if it were to come to trial, and then also what the statutory maximums are of each one of the

---

[1] The struggle ensued after police officers boxed in Appellant's car. When he refused to exit the vehicle, police officers smashed a window and removed him from the car. He broke free and ran approximately 15 feet until he was tackled by police. He refused demands to provide his hands to police so they could cuff him. Ultimately, police officers struck Appellant several times and used pepper spray. Trial Court Op., dated 5/9/16, at 2 (unpaginated).

offenses." *Id*. at 7-8. In addition, the prosecutor provided a detailed recitation of the facts underlying the charged crimes, the elements of each of the crimes, and the possible sentence for each crime. Appellant unequivocally responded that he understood each crime and agreed that he was pleading guilty because he was "in fact, guilty of them." *Id*. at 9-22, 29. The trial court accepted the guilty pleas, ordered a pre-sentence investigation, and scheduled sentencing for January 26, 2016. *Id*. at 22, 29. Appellant remained free on bail, and on January 21, 2016, filed a Pre-Sentence Memorandum in Mitigation.

On January 26, 2016, at the sentencing hearing, the Commonwealth requested a sentence of at least four years' incarceration.[2] Relevant to this appeal, the following exchange occurred during the prosecutor's argument:

> [**Prosecutor**]: The defendant is an individual who profits from the drug trade and he profits from addiction. As a prosecutor who's been doing this for a long time, we look at these cases, and you see a name and you see a deal and you see an amount of weight that was sold and you really don't think much further than that.
>
> However, it is important to note that all these drug indications [sic] involve numerous victims, when you think about it: people who are addicted to cocaine, people who are addicted to heroin. These individuals lose their jobs. They go out on the street, and they need money to support their habit. In order to support their habit, they rob. They steal. They steal from friends. They steal from family. They commit burglaries. They commit robberies out on the street. And the entire public is affected by this.

---

[2] The Commonwealth withdrew the Flight to Avoid Apprehension charge at count 8.

The defendant profits from that. He makes money off of that to buy things, to go on trips.

And I noticed in his presentence investigation, that – his [mitigation] memorandum that he sent, I believe there was a picture of him and his five children and pictures of him when he was in kindergarten and school, growing up. But as recently as September, if you go on the defendant's Facebook page, he's in Las Vegas, having a good time.

[**Appellant's Attorney**]: You know what? I'm going to have to object to a large part of – I understand that there's allocution, and the Commonwealth has a right of it, but a couple of different things. I was gonna let it go.

Number one, the relevance of the trail of tears type of information when there's been absolutely nothing linked to this particular defendant. That is wild speculation, and I'd ask the Court to acknowledge the fact that drugs are something that destroys our community, but specific effects have not been traced back to [Appellant].

Number two is, as far as being in Las Vegas or anything on his Facebook, I note that there's nothing here that's presented as far as anything that's authenticated, nothing here in terms of the evidence. And so I'd ask the Court to strike that, also, from its consideration as well. There's a way to prove these things up, and they were not done.

[**Prosecutor**]: And I'm not worried about, necessarily, the Las Vegas thing.

However, it is apparent that the defendant is someone who profits from the drug trade, makes money. He is not a person who uses and sells to support his habit. He profits from this, and he makes money to buy things. And with that – and that is the reason I am requesting a sentence of no less than four years in State prison.

He's had numerous PWIs. He's gotten Intermediate Punishment. He went to County prison. It is time to send [Appellant] to State prison.

[**Appellant's Attorney**]:  If I may, Your Honor, very quickly.

At this time, Your Honor, based upon not only the comments that we had sidebar[3] and also with respect to the prosecutor's allocution, we'd like to withdraw our guilty plea.

**The Court**:  I don't know on what grounds that would be.  I already have the presentence.  I have your [Mitigation] [M]emorandum.

[**Appellant's Attorney**]:  It's –

**The Court**:  The sentence is based on his plea, the background, and the information that I have pertaining to the case.  [The prosecutor] gave his comments.  Regardless of his comment, I am going to proceed with sentencing.

[**Appellant's Attorney**]:  Just so we are clear here, this is prior to sentencing.  He's asking to withdraw his guilty plea, which is liberally allowed under the Pennsylvania Supreme Court rulings, and that the Court needs to show a manifest abuse of justice in order for it to be able to do that.  And I don't see that on this record.

I just want to be clear to the Court that our intention here is to withdraw his guilty plea prior to sentencing, and I think that if the Court goes forward and sentences him when he asserts that he's factually innocent – which he's prepare to do – then it's going to be a very difficult burden for the court to overcome.

**The Court**:  This is the second time that [Appellant] has gone down this lane.

[**Appellant's Attorney**]:  And you know what happened on the second one?  He got found not guilty.

**The Court**:  That's correct.

[**Appellant's Attorney**]:  Okay.  So –

---

3 Appellant did not provide any transcriptions of sidebar and in-chambers meetings that occurred in this case.

> **The Court**: All right. I'll tell you what we're going to do. We're going to allow him to withdraw his plea.
>
> I will raise bail to $150,000. We will set this for February 8th for trial.
>
>> [Discussion occurred between the Court and Appellant's Attorney regarding the increase in bail and Appellant's intention to appeal the increase of bail.]
>
> [**Prosecutor**]: And it's the Commonwealth's position that bail should – he shouldn't even have bail. While he was out on bail on two other cases, he violated this act.
>
> So for him to be in jail at this time is not only proper; it is the correct thing to do at this point. . . . what he's doing right now is playing games with the system.
>
> ***
>
> This case has been around since at least, the first listing, August of 2014. The Commonwealth was prepared to try this case in early December. Our witnesses were ready, willing, and able. I was prepared as well.
>
> Now we come here at sentencing after Christmas, after the holidays, and he comes in here, because the prosecutor doesn't say what he likes and doesn't appreciate what I say about him – which is the truth – and now he wants to withdraw his plea.
>
> He's playing games with the system. That's what he's doin'.

N.T. Sentencing, 1/26/16, at 7-11 (some paragraph breaks omitted).

The next day, on January 27, 2016, the Commonwealth filed a "Motion for Reconsideration of Defendant Being Permitted to Withdraw Guilty Plea," requesting the court to rescind its Order granting Appellant's Motion to Withdraw Guilty Plea based on **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), and hold an immediate sentencing hearing.

The court held a hearing on the Commonwealth's Motion, during which Appellant's counsel made the following statement:

> Okay. And Your Honor, with respect to the Commonwealth's position in their petition to not allow him to withdraw his guilty plea, I think that there is an argument to be made in this particular case that differentiates the case before that's binding precedent.
>
> I admit that it's fully binding precedent from the Superior Court[4] that the Court must follow; however, factually different in this case is, the Court did allow [Appellant] to withdraw his plea. Is that a distinction without a difference? I don't know.
>
> * * *
>
> … If the binding precedent weren't there and the old law existed then the blanket assertion of innocence would be enough to allow him to withdraw his guilty plea. But with this new – with this new Superior Court ruling, that changes the game, for lack of a better way of putting it.
>
> So I acknowledge that case law. And in terms of my argument, my argument remains that which the Court can consider, which is his blanket innocence claims.

N.T. Hearing, 2/8/16, at 3-5.

The court granted the Commonwealth's Motion and informed Appellant that his "plea is still valid and … on the record and we're going to proceed to

---

[4] The only case raised in the Commonwealth's Motion for Reconsideration, which defense counsel refers to as a "petition", was the Pennsylvania Supreme Court's case of **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015). Accordingly, it appears that counsel misspoke when he referred to a *Superior* Court case.

sentencing." *Id*. at 6.[5]  The court then sentenced Appellant to an aggregate term of four-and-a-half to nine years' incarceration,[6] and instructed Appellant's attorney to submit a memorandum with respect to credit for time served.

On February 16, 2016, Appellant filed a Post-Sentence Motion seeking credit for time served, RRRI eligibility, and a modification of his sentence based on a claim of excessiveness.  On May 9, 2016, in a written Opinion, the court denied the Motion for downward modification, but granted Appellant's request for RRRI eligibility at 5/6's of his sentence (*i.e.*, at 45 months) and gave him credit for time served.

Appellant timely appealed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for review:

---

[5] The Commonwealth withdrew the Resisting Arrest and Escape charges (counts 7 and 9).

[6] Appellant was sentenced as follows:  Count 1, Unlawful Delivery of a Controlled Substance - one to two years; Count 2, Possession With Intent to Deliver a Controlled Substance ("PWID") - two and a half to five years; Count 3, PWID - two to four years; Count 4, Unlawful Possession of Drug Paraphernalia, and Count 5, Unlawful Delivery of Drug Paraphernalia - twelve months of state supervision; Count 6, Criminal Use of a Communication Facility - one to two years.  Count 1 and count 6 were ordered to run concurrent to one another, and concurrent to Counts 2 and 3, 2 and 3 to run consecutive to one another; Counts 4 and 5 consecutive to each other and consecutive to Counts 2 and 3, for an aggregate of four-and-a-half to nine years in state incarceration with a consecutive term of 24 months' state supervision.

1.  Whether the trial court erred in re-instating [Appellant's] guilty plea when the trial court found a fair and just reason for the withdrawal of the guilty plea at the time the court granted his request to withdraw his plea?

2.  Whether the trial court excessively sentenced [Appellant] to 4½ to 9 years in a state correctional institute when [Appellant's] individual circumstances suggest a mitigated range sentence would appropriately protect the public and meet the goals of rehabilitation.

Appellant's Brief at 5.

Appellant first avers that the trial court should have allowed him to withdraw his guilty plea because he "provided a fair and just reason for the withdrawal: the irrelevant and prejudicial comments by the Commonwealth and his factual innocence." Appellant's Brief at 10.[7]

The standard of review that we employ in challenges to a trial court's decision regarding a presentence motion to withdraw a guilty plea is well-settled. "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Elia*, 83 A.3d 254, 261-62 (Pa. Super. 2010).

Pa.R.Crim.P. 591(A) provides that, in its discretion, a trial court may grant a motion for the withdrawal of a *nolo contendere* or guilty plea at any

---

[7] Appellant also argues that the trial court's "'clawing back' the guilty plea cannot be allowed based upon this particular record." Appellant's Brief at 16. Appellant has not provided any argument or case law to support his implication that the trial court was prohibited from reconsidering its prior day's ruling on motion from the Commonwealth.

time before the imposition of sentence. The Pennsylvania Supreme Court has interpreted the rule as follows:

> There is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Carrasquillo***, 115 A.3d at 1291-92 (citing ***Commonwealth v. Forbes***, 299 A.2d 268 (Pa. 1973)).

Although "discretion is to be administered liberally in favor of the accused," our Supreme Court has rejected the application of a bright-line rule that "prohibited, as a matter of law, trial courts from assessing the credibility of an assertion of innocence made in the context of a presentence motion to withdraw a guilty plea." ***Carrasquillo***, ***supra*** at 1293 (Stevens, J., concurring). In affirming the trial court's refusal to allow the defendant to withdraw his plea, the ***Carrasquillo*** majority observed,

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

***Id.*** at 1292.

In ***Carrasquillo***, the Court noted that the determination of whether there is a "fair and just reason" to permit the pre-sentence withdrawal

request should be based on the totality of the circumstances attendant at the time of the request, including the timing of the assertion of innocence, the statements made by the defendant in association with his declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing. *See id*. at 1286, 1292-93.

In ***Commonwealth v. Blango***, 150 A.3d 45 (Pa.Super. 2016), this Court applied ***Carrasquillo*** and concluded that the trial court had not abused its discretion in declining to permit the defendant to withdraw his guilty plea. We noted that, in light of the defendant's trial testimony against his co-defendants admitting his role in the offense and the timing of his motion, which was made immediately after learning of the Commonwealth's sentencing recommendation, the defendant's assertion of innocence was "implausible" and "instead was 'an attempt to manipulate the system.'" ***Blango***, 150 A.3d at 48, 52.

Most recently, in ***Commonwealth v. Islas***, ___ A.3d ___, 2017 PA Super 43, 2017 WL 727254 (Pa. Super. filed Feb. 24, 2017), this Court applied ***Carrasquillo*** and concluded that the trial court had erred in denying the defendant's pre-sentence motion to withdraw his guilty plea. We concluded that, unlike the defendants in ***Carrasquillo*** and ***Blango***, Islas' assertion of innocence was "not 'mere, bare, or non-colorable,' but instead was 'at least plausible.'" ***Id***. at *5. We noted that Islas had entered his

plea three days before trial was set to begin and before a jury had been selected. He had moved to withdraw his plea over one month after its entry, when new counsel entered his appearance, and almost two months before sentencing. *Id*. We also observed that Islas had maintained his innocence from the beginning, even though we noted further that a conclusion that a claim of innocence is likely or unlikely to succeed at trial is "irrelevant" to the consideration of whether the trial court properly denied the motion to withdraw. *Id*.

Although each case presents its own unique set of facts, the instant case is more akin to *Blango* and *Carrasquillo* than to *Islas*. Unlike *Islas*, the timing of Appellant's plea and of his request to withdraw his plea support a conclusion that the trial court did not abuse its discretion in denying Appellant's motion.

Despite the case being initially listed in 2014, Appellant entered his guilty plea on the day trial was set to begin in December 2015. Seven weeks after the entry of the guilty plea, on the day of sentencing, the Commonwealth made a passionate argument regarding Appellant's crimes before informing the court the sentence it was recommending. It was only after hearing the recommended sentence that Appellant's counsel requested the withdrawal of the plea. *See* N.T., 12/26/16, at 7-8. Thus, unlike *Islas*, the timing of Appellant's request to withdraw his plea, *i.e.*, the day of

sentencing after hearing the recommended sentence, lends support to the trial court's decision to deny the withdrawal motion.

We also note that Appellant pled guilty right before the parties were to select the jurors and begin the trial, and then withdrew the plea seven weeks later when the threat of an imminent trial had passed. It is reasonable to assume that he was pleading guilty and withdrawing the plea as a means to manipulate the court proceedings.

In addition, Appellant's assertion of innocence is lacking in plausibility. Appellant's discomfort with hearing the prosecutor speak about the general negative effects of drug dealing on the public does not equate to a fair and just reason for the pre-sentence withdrawal of a guilty plea. Moreover, Appellant's observation that he had been allowed to withdraw a plea in a prior case that then resulted in a jury finding him not guilty does not provide a "colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice" *in this case*. ***Carrasquillo***, ***supra*** at 1292.

The evidentiary proffer made by the Commonwealth at the plea hearing was extensive and undisputed. We, thus, conclude that in light of the timing, implausibility and evidentiary proffer, the trial court properly "assess[ed] the credibility of [Appellant's] assertion of innocence," and did

not abuse its discretion in refusing to allow Appellant to withdraw his guilty plea.[8] *Id*. at 1293.

Appellant next challenges the length of the term of his incarceration, averring that it is excessive in light of the mitigating factors he presented to the court and his rehabilitative needs. He also avers that the trial court failed to put its reasons for the sentence on the record at the time of sentencing, as required by 42 Pa.C.S. § 9721(b).

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. ... An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012), quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

---

[8] Appellant avers that the Commonwealth has not shown "substantial prejudice" so as to support the court's decision to deny the withdrawal request. In light of Appellant's failure to demonstrate a fair and just reason to support the withdrawal of his plea, we need not examine the prejudice suffered by the Commonwealth. *See Carrasquillo*, *supra* at 1291-92 (noting that "any demonstration by a defendant of a fair and just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth").

42 Pa.C.S. § 9721 provides, in relevant part:

**(a)** **General rule.--**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.
(2) A determination of guilt without further penalty.
(3) Partial confinement.
(4) Total confinement.
(5) A fine.
(6) County intermediate punishment.
(7) State intermediate punishment.

* * *

(**b) General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).[1] In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

* * * *

42 Pa. C.S. § 9721(a), (b).

The court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b),

[however,] the record as a whole must reflect due consideration by the court of the statutory considerations" at the time of sentencing. ***Commonwealth v. Coulverson***, 34 A.3d 135, 145 (Pa. Super. 2011) (citation omitted). A sentencing court's indication that it has been informed by a presentence report can satisfy the requirement of placing reasons for imposing the sentence on the record. ***Commonwealth v. Burns***, 765 A.2d 1144 (Pa. Super. 2000).

In addition, "[o]ur Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009), citing ***Commonwealth v. Devers***, 546 A.2d 12, 18-19 (Pa. 1988).

In the instant case, the court acknowledged on January 26, 2016, at the sentencing hearing that it had the PSI report. Thirteen days later, after the reinstatement of Appellant's guilty plea, the court continued the sentencing proceeding that had begun on January 26, 2016, with Appellant's counsel requesting that the PSI be "incorporated" and acknowledging that the judge had read both the PSI report and Appellant's presentence mitigation memorandum. ***See*** N.T., 2/8/16, at 8. We conclude that because the trial court acknowledged the PSI report at the time of

sentencing, the court satisfied the requirement for placing the reasons on the record in accordance with **Burns**, **Ventura**, and **Devers**, **supra**.

Appellant next avers that his aggregate sentence of 4½ to 9 years' incarceration is excessive. Appellant concedes that his sentence for each conviction falls within the guidelines provided for the individual crimes, but baldly avers that "his sentence violates several specific goals of the Sentencing Code, specifically, that his sentence does not comport with the protection of the public, gravity of the offense, and his rehabilitative needs." Appellant's Brief at 14, 28. He argues that a "sentence within the highest standard range (27-33 months), with all other sentences running concurrent, would protect the public, equate with the gravity of the offense in relation to the impact on the community, and provide for [Appellant's] rehabilitative needs." **Id**. at 30-31.[9]

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet

---

[9] As noted above in footnote 6, the sentences imposed on Count 1 and count 6 were ordered to run concurrent to one another, and concurrent to Counts 2 and 3, and sentences on Courts 2 and 3 were to run consecutive to one another; sentences imposed on Counts 4 and 5 were to run consecutive to each other and consecutive to Counts 2 and 3, for an aggregate of 4½ to 9 years in state incarceration, with a consecutive term of 24 months' state supervision. Appellant is RRRI eligible after serving 45 months' incarceration.

his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Id.* (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met each of the above elements by filing a timely Notice of Appeal, properly preserving the issue, and including in his Brief a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). Appellant's assertion in his Rule 2119(f) statement that his aggregate sentence "does not comport with the protection of the public, gravity of the offense, and his rehabilitative needs," raises a substantial question. Appellant's Brief at 14. *See Provenzano, supra*, at 154 (stating "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists."); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." (citing *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002)); *Commonwealth v. Caldwell*,

117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied,* 126 A.3d 1282 (Pa. 2015) (concluding that an "[a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question.").[10]

Accordingly, we will address the discretionary aspects of the sentence raised in this appeal.

In reviewing the discretionary aspects of a sentence, we are guided by the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, *supra*, at 770 (citation omitted).

With respect to the imposition of consecutive versus concurrent sentences, "[l]ong standing precedent of this Court recognizes that 42 Pa.C.S. section 9721 affords the sentencing court discretion to impose its

---

[10] *Cf*. *Commonwealth v. Williams*, 562 A.2d 1385, 1387-88 (Pa. Super. 1989) (concluding that where an appellant "has failed to include in [the Rule 2119(f)] statement any specific, articulable reasons why her sentence raises doubts that the sentencing scheme as a whole has been compromised, ... and, in effect, [the] appellant asks this Court to substitute its judgment regarding an appropriate sentence for that of [the sentencing judge], such a statement does not raise a substantial question that the sentence imposed was in fact inappropriate.")

sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010) (citation omitted). ***See also Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

Here, the sentencing court made the following observations in support of its sentence:

> . . . Defendant has seen firsthand what crack cocaine can do to families. Defendant's father began using crack cocaine when Defendant was 8 years old and he became abusive toward the family. Starting at age 14, Defendant began accumulating adjudications and convictions for possessing with intent to deliver various drugs.[11]
>
> On the day he was arrested, Defendant had close to $8500 in drugs and cash. As the Commonwealth indicated, he profits from the drug trade. . . . Defendant is a victim of a multigenerational cycle of growing up without a father, a mother in and out of jail[,] and drugs present in his life. Somehow, in spite of it all, it appears he has managed to not become a drug addict himself so his children as least do not have to bear the burden of a drug addicted, abusive father.
>
> However, Defendant's choices have led him to drug dealing and for this he must be punished. His sentence reflects the crimes he committed and the sentence on each count is within the standard guidelines. In fact, the statutory limit on possession with intent to deliver is 120-240 months. Defendant was sentenced to 30 to 60 months on Count 2 and 24 to 48 months

---

[11] Appellant was born 11/10/82, and was 31 years old when charged with the instant offenses.

> on Count 3, both of which are well below the statutory maximum and within the standard range guideline.
>
> * * *
>
> The Court considered the statements from both the Commonwealth and Defense Counsel. We reviewed the pre-sentence investigation. All of the evidence indicates that while Defendant has not been convicted of violent crimes, he has been a source of hard drugs in this community which he knows all too well, wreak havoc upon those addicted to drugs and their families who suffer the consequences of drug addiction.

Trial Ct. Op., dated 5/9/16, at 3-4 (unpaginated).[12]

Although Appellant avers that "his sentence does not comport with the protection of the public, gravity of the offense, and his rehabilitative needs," he has not provided any reference to the record or to the guidelines to support his assertion that the court abused its discretion. As noted, Appellant had been selling drugs since he was 14 years old, and despite five prior convictions for PWID, he continued to disregard the law by selling cocaine and heroin. His contention that his aggregate sentence is excessive because "there were no specific victims identified or alleged in this case, indicating no need to protect any specific individual," demonstrates that Appellant fails to comprehend the gravity of his offenses and the impact that his vocation as a drug dealer has on communities and families. His reasoning does not support his averment that the court abused its discretion in imposing consecutive rather than concurrent sentences. Appellant

---

[12] The court denied Appellant's request for a reduction in sentence; however, it granted his request for RRRI eligibility and credit for time served.

committed numerous crimes of a serious nature for which he is not entitled to a "volume discount." **Hoag**, **supra**, at 1114.

Moreover, as indicated in its Memorandum Opinion, the sentencing court did consider Appellant's circumstances before imposing sentences that fall, as Appellant concedes, within the standard range of the guidelines. We conclude that the trial court did not ignore or misapply the law, and did not exercise its judgment for reasons of partiality, prejudice, bias or ill will, or arrive at a manifestly unreasonable decision. Accordingly, the trial court did not abuse its discretion in imposing Appellant's aggregate sentence of 4½ to 9 years' incarceration.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2017