J-S16037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROCKY MOSKOWITZ | : | |
| | : | No. 1422 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence August 31, 2017
in the Court of Common Pleas of Bradford County
Criminal Division at No.:  CP-08-CR-0000107-2017

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 30, 2018**

Appellant, Rocky Moskowitz, appeals from the judgment of sentence imposed following his entry of an open guilty plea to two counts each of simple assault and recklessly endangering another person.[1]  Appellant challenges the discretionary aspects of his sentence.  We affirm.

The trial court aptly set forth the relevant background of this case as follows:

> [Appellant] was charged with (i) five counts of Aggravated Assault, under 18 Pa.C.S.A. §§ 2702(a)(8) and (9), each being felonies of the first or second degree, (ii) six counts of Simple Assault, under 18 Pa.C.S.A. § 2701(a)(1), each being misdemeanors of the second degree, and (iii) six counts of Recklessly Endangering Another Person, under 18 Pa.C.S.A. § 2705, each being misdemeanors of the second degree. The charges arose after police responded to a report from an

_____

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2705, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

elementary school that one of their students disclosed being shot by [Appellant] with an air soft bb gun. The investigation soon revealed that five of the children in the home had allegedly been shot with the air soft gun at close range by [Appellant] or hit with the gun itself.

On June 12, 2017, [Appellant] entered a guilty plea to two counts of Simple Assault, 18 Pa.C.S.A. § 2701(a)(1), graded as misdemeanors of the first degree, with the understanding and agreement that a deadly weapons enhancement[2] would apply to one of the two counts. [Appellant] also pled guilty to two counts of Recklessly Endangering Another Person, 18 Pa.C.S.A. § 2705, both graded as misdemeanors of the second degree. As part of the plea agreement, "[Appellant] can argue based on health reasons for non-incarceration." (N.T. Guilty Plea, 6/12/17, at 2-3). Counsel for both parties and [Appellant] understood and agreed that the deadly weapons enhancement would add six (6) months of incarceration to the recommended minimum sentence within the standard range. [Appellant] confirmed his intention to plead guilty after listening to a description of the potential penalties he faced for each count.

After some discussion about the nature of the weapon used and whether it was a gun or a toy, [Appellant] and his counsel acknowledged that the "Airsoft gun" at issue was "like a BB gun," and that such gun "could be a deadly weapon" in that it "shoots rubber BB's." (***Id.*** at 12). While [Appellant] believed it was a "toy," he acknowledged and agreed that the deadly weapon enhancement was going to apply to one of the counts. (***Id.*** at 9; ***see id.*** at 13-14).

At the conclusion of the oral plea colloquy, [Appellant] having previously completed a written plea colloquy with his lawyer, the [trial court] accepted [Appellant's] guilty plea as knowing, voluntary and intelligent.

---

[2] "The deadly weapon enhancement provisions of the Sentencing Guidelines provide that an enhancement 'shall apply to each conviction offense for which a deadly weapon is possessed or used.' 204 Pa. Code § 303.10(a)(4)." ***Commonwealth v. Tavarez***, 174 A.3d 7, 10 (Pa. Super. 2017).

At the sentencing hearing on August 31, 2017, [Appellant's] counsel, as expected, argued against incarceration.

Defense counsel submitted a letter from [Appellant's doctor] that stated [Appellant] would have difficulty sleeping if incarcerated and that "[u]ndue discomfort is not advised." (N.T. Sentencing, 8/31/17, at 15; *see id.* at 10). [Appellant] also offered a mental health evaluation [stating that he] suffers from adjustment disorder with mixed anxiety and depression. [Appellant] was given an opportunity to speak and confirmed that he has had health difficulties since 2014 when he was electrocuted at work, testifying that he has no function in three fingers, heart damage, and limited use of his left leg. In fashioning an appropriate sentence, the [trial court] considered all information that was available, including that offered by [Appellant] and his counsel.

The Probation Department, acknowledging this was [Appellant's] first contact with the criminal justice system, recommended incarceration at the lowest end of the standard range of the sentencing guidelines for the simple assault conviction with the deadly weapon enhancement, and consecutive sentences of probation for the other three convictions. The guideline sentence form for simple assault with use of a deadly weapon provided a minimum sentence of incarceration of six (6) to nine (9) months within the standard range. There is no mitigated range identified on the guideline sentence form but the minimum in the aggravated range could be as much as twelve (12) months.

The Commonwealth agreed with the recommendation of the Probation Department in the Pre-sentence Investigation report, noting that the affidavit of probable cause described [Appellant] as perpetrating "a series of cruel acts to the young children." (*Id.* at 14). The Commonwealth also related that the "agreement was that the weapons enhancement would apply." (*Id.*).

The [trial court] imposed a sentence of total confinement and supervision such that [Appellant] would undergo an indeterminate period of incarceration for the conviction of simple assault with a deadly weapon, the minimum of which would be six (6) months, and the maximum of which would be twelve (12) months. [Appellant] received consecutive orders of probation for

an aggregate of eighteen (18) months for the three other counts. The sentence was at the lowest end of the standard range.

(Trial Court Opinion, 11/30/17, at unnumbered pages 1-3) (citation formatting provided; some record citations omitted). This timely appeal followed.[3]

Appellant raises one issue for our review: "[Whether] [t]he [trial] [c]ourt erred in not considering Appellant's health issues when imposing the deadly weapons enhancement[] [b]ecause it believed that there was no mitigated sentence or departure allowed under enhancement sentence[?]" (Appellant's Brief, at VI). He argues that the trial court "appeared confused as to the application of the enhancement" and believed that it was required to sentence him without taking into consideration the mitigating factors of his electrocution and the resultant injuries and pain. (*Id.* at 10; *see id.* at 7-8).

Appellant's issue challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:
>
> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

---

[3] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on September 27, 2017. The trial court entered its opinion on November 30, 2017. *See* Pa.R.A.P. 1925.

- 4 -

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 27 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017) (case citations and quotation marks omitted).

In the instant case, Appellant met the first three elements by filing a timely notice of appeal, preserving his issue at sentencing, and including a Rule 2119(f) statement in his brief. Because "[o]ur case law has established that application of the deadly weapons enhancement presents a substantial question[,]" we will review the merits of his claim. *Commonwealth v. Shull*, 148 A.3d 820, 831 (Pa. Super. 2016) (citations omitted).

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Johnson-Daniels*, *supra* at 28 (citation omitted).

We begin by noting that where "the trial court has the benefit of a pre-sentence report [PSI], we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Johnson*, 125 A.3d 822, 827 (Pa. Super. 2015) (citation omitted). We further note that the sentencing guidelines are not mandatory, and sentencing courts retain broad discretion in sentencing matters. *See Commonwealth v.*

*Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014).  Likewise, "[[a]lthough] [t]he trial court lacks the discretion to refuse to apply the deadly weapon sentencing enhancement, [t]he court's discretion comes into play when it is time to impose a sentence, once the court determines the adjusted sentencing guideline ranges." ***Commonwealth v. Kneller***, 999 A.2d 608, 614 (Pa. Super. 2010), *appeal denied*, 20 A.3d 485 (Pa. 2011) (citation omitted).

Here, at the sentencing hearing, the trial court heard from defense counsel and Appellant regarding his numerous health ailments and financial problems stemming from his work-related electrocution in 2014.  (***See*** N.T. Sentencing, at 10-14).  The Commonwealth noted that Appellant's offenses involved a series of cruel acts against children, and that the plea agreement contemplated application of the weapons enhancement.  (***See id.*** at 14).  The trial court noted that it had reviewed the PSI, and explained its rationale for the sentence as follows:

> . . . [T]he Commonwealth was apparently insistent that . . . in order to reach the plea agreement, that one of the counts would have a deadly weapon enhancement.  Otherwise, it wouldn't have been there.  The fact that it's there, and now it's just being asked to be essentially ignored, by [Appellant], I think is really not giving . . . it's really not honoring the agreement that was reached. . . . The health concerns of [Appellant], I understand those.  The doctor suggests that you are going to have difficulty sleeping on a mattress.  Undue discomfort is not advised.  Being in jail is not a comfort to anybody, you know.  And so, certainly I am sympathetic to your health concerns but these are pretty serious charges[.] . . .  I agree with the probation department that because of your history, because of your health situation, you don't deserve anything above what would be the standard, the

lowest end of the standard range and that would be in each of the other counts, probation. But with the one count that was, that has the deadly weapon enhancement I think you need the six months. I mean that's what everybody contemplated, that's what was expected, based on what everybody knew about the case. So I think that is what is appropriate and that's what I'm going to impose today. . . .

(*Id.* at 14-16; *see id.* at 1).

Following imposition of the sentence, defense counsel asked for clarification and the following exchange took place:

[Defense counsel]: [Is] the court under the belief that it has no authority to override the sentence as it pertains to him?

[Trial court]: No. I'm not under that impression. The guidelines are simply guidelines. They are advisory.

[Defense counsel]: And the enhancement is not a mandatory sentence.

[Trial court]: I understand that as well. . . .

(*Id.* at 19).

In its opinion, the trial court further explained that, in formulating an appropriate sentence for Appellant, it took into consideration his health difficulties, history, character, and rehabilitative needs; the nature and circumstances of the crime, which involved violent acts against young children; the impact on the multiple victims; the need to protect the community; and the sentencing guidelines. (*See* Trial Ct. Op., at unnumbered pages 3-4). Thus, the record reflects that the court was not confused regarding application of the deadly weapons enhancement, and that it thoroughly considered Appellant's background, including his health issues,

and the circumstances of the offense, and sentenced him accordingly. Because we discern no abuse of discretion in the court's imposition of Appellant's sentence, his issue on appeal merits no relief. ***See Johnson-Daniels***, ***supra*** at 28. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/30/2018