J-S38036-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAIME LEE CONDELLA, | : | |
| | : | |
| Appellant | : | No. 102 WDA 2018 |

Appeal from the Judgment of Sentence September 15, 2017
in the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000035-2017

BEFORE:    BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    FILED AUGUST 30, 2018

Jamie Lee Condella (Appellant) appeals from the September 15, 2017 judgment of sentence of 33 months to 10 years of incarceration following his negotiated guilty plea to receiving stolen property. Upon review, we affirm.

The trial court provided the following background.

> Pursuant to a negotiated plea agreement, [Appellant] entered a plea of guilty to … receiving stolen property on August 4, 2017. The other charges against him, including burglary, were later nolle prossed. On September 5, 2017, [Appellant] filed a motion to withdraw [his] plea. Following argument on the motion, the [trial] court denied the motion by order filed September 13, 2017. [Appellant] was sentenced on September 15, 2017. On September 22, 2017[, Appellant] filed a motion for reconsideration. This motion asked the [trial] court to reconsider its sentence and also its decision not to allow [Appellant] to withdraw his plea. The [trial] court heard argument and then denied the motion for reconsideration by order filed December 1, 2017.

Trial Court Opinion, 2/28/2018, at 1 (unnecessary capitalization removed).

_____

*Retired Senior Judge assigned to the Superior Court.

This timely-filed appeal followed.[1]  Appellant presents one issue for our consideration:  whether the trial court erred in denying his motion to withdraw his guilty plea prior to sentencing.  See Appellant's Brief at 2.

> Preliminarily, we recognize that at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty.  The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

>> [T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

> We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion.

Commonwealth v. Blango, 150 A.3d 45, 47 (Pa. Super. 2016) (citations and quotation marks omitted).

> [T]he determination of whether there is a "fair and just reason" to permit the pre-sentence withdrawal request should be based on the totality of the circumstances attendant at the time of the request, including the timing of the assertion of innocence, the statements made by the defendant in association with his declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing.

---

[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Commonwealth v. Johnson-Daniels, 167 A.3d 17, 24 (Pa. Super. 2017), quoting Commonwealth v. Carrasquillo, 115 A.3d 1284, 1286, 1292-93 (Pa. 2015) (emphasis added). As to the declaration of innocence, a defendant "need not prove his or her innocence[, but rather] need only proffer a 'colorable' or 'plausible' claim of innocence[.]" Commonwealth v. Islas, 156 A.3d 1185, 1191 (Pa. Super. 2017).

In this case, Appellant failed to meet even this minimal threshold. In his pre-sentence motion to withdraw his plea, Appellant did not provide any reasons for withdrawal, nor did he assert his innocence. See Motion to Withdraw Plea, 9/5/2017. Instead, he stated only that he "desires to withdraw his plea of guilty and to proceed to trial to have the District Attorney prove the charges against him 'beyond a reasonable doubt.'" Motion to Withdraw Plea, 9/5/2017, at ¶ 2. The trial court denied Appellant's motion "for the reasons stated on the record[,]"[2] Order, 9/13/2017, and sentenced Appellant on September 15, 2017.

Thereafter, Appellant filed a motion for reconsideration, wherein he alleged for the first time his innocence and a reason for his initial motion to withdraw his guilty plea. Specifically, Appellant alleged that his plea was not made knowingly because he was mistaken about his prior record score and

---

[2] The transcript of this proceeding was not made part of the certified record on appeal. However, because our review is not hampered by its absence, we decline to find waiver.

resultant sentencing guidelines.  Motion for Reconsideration, 9/22/2017, at ¶ 3; Appellant's Brief at 11-12.  However, even assuming Appellant was mistaken about his prior record score and the resultant sentencing guidelines, and that this constituted a "fair and just reason" for withdrawal, Appellant was required to present this reason "at the time of the request" to withdraw his plea, i.e., in his initial pre-sentence motion.  Johnson-Daniels, 167 A.3d at 24 (citation omitted).  He did not do so.  Appellant's assertion of new reasons, after sentencing, for the trial court to reconsider his pre-sentence motion to withdraw his plea does not remedy his failure to do so at the time of the initial request.  Moreover, at the time of his guilty plea, Appellant was advised of his rights and the maximum statutory penalty that could be imposed; he acknowledged that he understood his rights and was entering the plea of his own free will.  See N.T., 8/4/2017, at 8-11.

Although it is true that an "individual's fundamental right to a trial requires a liberal granting of pre-sentence motions to withdraw guilty plea," it is well-settled that "there is no absolute right to a pre-sentence withdrawal of a plea, and ... that the denial of such a motion is proper where the evidence before the court belies the reason offered."  Commonwealth v. Tennison, 969 A.2d 572, 578 (Pa. Super. 2009).  Here, there was no reason offered in Appellant's pre-sentence motion to withdraw his plea.  Nor was there any claim of innocence, plausible or otherwise.  Accordingly, we find that the trial court did not abuse its discretion in denying Appellant's

pre-sentence motion to withdraw his plea. See, e.g., Carrasquillo, 115 A.3d at 1293 (holding trial court acted within its discretion to deny an implausible claim of innocence raised for the first time at the sentencing hearing).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/2018