J. A20014/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANGELO JOSEPH McCABE JR., | : | No. 2104 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered August 16, 2018,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0005432-2017

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED: FEBRUARY 4, 2020**

Angelo Joseph McCabe, Jr., appeals from the August 16, 2018 judgment of sentence entered in the Court of Common Pleas of Berks County after appellant pleaded guilty to one count each of burglary (overnight accommodation with person present) and arson endangering persons.[1]  The sentencing court sentenced appellant to an aggregate six to fifteen years' incarceration.[2]  We affirm.

The trial court set forth the factual and procedural history as follows:

> On October 27, 2017, Muhlenberg Township police received a call about a possible burglary in progress

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i) and 3301(a)(1)(i), respectively.

[2] We note that appellant was also ordered to pay restitution to the victim and the victim's insurance company in the amount of $27,371.21, as well as costs of prosecution.  (***See*** restitution order, 8/16/18; ***see also*** sentencing hearing transcript, 8/16/18 at 26.)

shortly after 5:30 a.m. A female resident, who was inside her home when the person entered, had placed the call to the police. Police surrounded the house and located the person, later identified as [appellant], inside on the first floor. The female resident was rescued via a second-floor balcony. [Appellant] refused to surrender and barricaded himself inside the home. The Berks County Emergency Response Team was called to the home after officers observed [appellant] with a rifle and crossbow that belonged to the homeowners. Approximately ninety minutes into the standoff [appellant] started a fire in the home, igniting gasoline in the garage. [Appellant] had also placed gunpowder and gasoline in the first floor of the home. At that point, the emergency response team entered the home, detained [appellant], and extinguished the fire. [Appellant] had a lighter and gasoline on his person when he was detained.

On August 16, 2018, [appellant] pleaded guilty to one count of arson (18 Pa.C.S.[A.] § 3301(a)(1)(i)) and one count of burglary (18 Pa.C.S.[A.] § 3502(a)(1)(i)). Both counts are felonies of the first degree. At sentencing, the Commonwealth recommended sentences in the top of the standard range – four to ten years for arson to be followed by three to ten years for burglary, for an aggregate sentence of seven to 20 years. [Appellant] asked for concurrent sentences at the bottom of the standard range for both counts. Following a hearing, [appellant] was sentenced to confinement in the middle of the standard range for both counts – 42 months to 7.5 years (with 294 days' credit) for arson followed by a consecutive sentence of 30 months to 7.5 years for burglary. The aggregate sentence is six to fifteen years.

On August 21, 2018, [appellant] filed a post-sentence motion, which was denied on November 29, 2018, following a hearing. [Appellant] filed a Notice of Appeal on December 21, 2018.

Trial court opinion, 3/25/19 at 1-2 (citations to record omitted).

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. The trial court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Whether the sentencing court abused its discretion in sentencing [a]ppellant to an aggregate term of six (6) to fifteen (15) years in a state correctional institution where the sentence is excessive and the sentencing court only considered the impact of the offense on the victim and the community[?]

Appellant's brief at 7.

> It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa.Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa.Super. 2010):
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from

> is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170.

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa.Super. 2019) (brackets in original text).

Here, the record reflects that appellant filed a timely notice of appeal, preserved his challenge to the discretionary aspect of his sentence by filing a post-sentence motion, and included a Rule 2119(f) statement in his brief. (Appellant's brief at 14-16.) Accordingly, we must determine whether appellant has raised a substantial question.

We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Hill*, 210 A.3d at 1116 (citation omitted). A substantial question exists when appellant has presented a colorful argument that the sentence imposed is either (1) inconsistent with a specific provision of the Sentencing Code; or (2) is "contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa.Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011). Sentencing Code Section 9721(b) provides, in pertinent part, as follows:

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). A "challenge to the imposition of [] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider his rehabilitative needs upon fashioning its sentence, presents a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa.Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

Here, appellant's argument in his Rule 2119(f) statement that his consecutive sentences are excessive and the sentencing court failed to consider his rehabilitative needs raises a substantial question. (*See* appellant's brief at 15; *see also Caldwell*, 117 A.3d at 770.) Therefore, we proceed to consider the merits of appellant's discretionary sentencing claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770 (citation omitted).

> With respect to the imposition of consecutive versus concurrent sentences, "long standing precedent of this [c]ourt recognizes that 42 Pa.C.S.[A. S]ection 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed."

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 28 (Pa.Super. 2017) (citation and original brackets omitted), *appeal denied*, 174 A.3d 1029 (Pa. 2017).

Here, the record reflects that the sentencing court sentenced appellant to consecutive terms of incarceration because the sentencing court viewed the crimes as two separate and distinct events. (*See* sentencing hearing transcript, 8/16/18 at 22.) The sentencing court explained,

> In any event, I do really see that based on what I was told and the facts that you have admitted to that were placed on the record, these are almost two separate incidents. . . . You committed the most serious burglary you can commit under our offense gravity scores, under our sentencing scheme, or under our Sentencing Guidelines because you broke into a residence that was occupied at the time . . . . [I]f you would have stopped at the burglary, this would have been a whole different situation. The fact that you then barricaded yourself in, the county had to go to the expense of bringing out the S.W.A.T. team -- and I'm not actually sure what the arson was about or what it was you were trying to accomplish by that. . . . [T]his would have been an entirely different situation had you just stopped at a burglary and, when the police arrived, you would have surrendered.

*Id.* at 20-21.

The record also reveals that appellant's counsel spoke about appellant's history of controlled substance abuse and that appellant was never before treated for his drug addiction and, in fact, was in denial of the addiction. (*Id.* at 16.) Counsel stated that appellant has been taking classes in prison and was looking forward to being rehabilitated and getting his drug addiction under

control. (*Id.*) Appellant, also taking the opportunity to speak, first apologized to the victims then stated that he was looking forward to being rehabilitated, having learned his lesson, and continuing to build on his sobriety and return to his children and girlfriend. (*Id.* at 17.) Before sentencing appellant, the sentencing court commented,

> I'm taking into consideration everything I've heard, the fact that you had a prior record score but, on the flip side, the fact that you've also admitted the fact that you're guilty. You're not putting the Commonwealth through the rigors of having to go through a trial for probably what -- based on what I'm seeing, this would have taken at least a couple of days based on the number of witnesses the Commonwealth would have had to call. So what I'm going to do is impose a minimum -- or, I'm sorry. I'm going to start at the middle of the standard range. But because I believe these are two separate incidents, I'm going to run them consecutive. You really leave me no choice.

*Id.* at 22. The record demonstrates that some of the factors that the sentencing court heard and considered included the fact that appellant had been using controlled substances since he was 15 years old; that appellant was taking classes in prison, getting rehabilitated, and getting his drug addiction under control; and the state correctional facility offered appellant the opportunity to obtain his GED, which the sentencing court advised appellant to take advantage of doing. (*Id.* at 16, 19.) The sentencing court also considered appellant's pre-sentence investigation report. (*Id.* at 7.) The sentencing court then sentenced appellant within the guidelines. (*See* guideline sentence form, 8/30/18 at 1-2.)

Based upon the record before us, we discern no abuse of discretion on the part of the sentencing court in imposing consecutive sentences on appellant after considering the mitigating factors, including appellant's rehabilitative needs.

Judgment of sentence affirmed.


McLaughlin, J. joins this Memorandum.

Gantman, P.J.E. concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2020