J-S66042-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT
OF
PENNSYLVANIA

Appellee

v.

TROY VINCENT JACKSON,

Appellant | No. 721 WDA 2017

Appeal from the Judgment of Sentence April 25, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0008775-2011

BEFORE: BENDER, P.J.E., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: FILED DECEMBER 19, 2017

Appellant, Troy Vincent Jackson, appeals from the judgment of sentence

imposed following revocation of his probation. We affirm.

The trial court aptly set forth the relevant background of this case as

follows:

> [Appellant] was charged with a Violation of the Uniform
> Firearms Act: Persons Not to Possess Firearms, Simple Assault,
> and Recklessly Endangering Another Person.[1] He appeared
> before this court on March 6, 2013 and entered a general plea of
> guilty to all charges. On May 30, 2013, he again appeared before
> this court and was sentenced to intermediate punishment for a
> term of nine (9) months and a term of probation of three (3)
> years. No post-sentence motions were filed and no direct appeal
> was taken.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 2701(a)(1), and 2705, respectively.

On September 15, 2015, [Appellant] appeared before this court for a probation violation hearing, having been convicted of another offense.[2] At that hearing, this court revoked [Appellant's] probation and imposed a term of imprisonment of four (4) to 10 years.[3] Post-sentence motions were filed and were denied on September 2[9], 2015. Initially, no direct appeal was taken, but [Appellant's] appellate rights were reinstated nunc pro tunc and the direct appeal proceeded. However, by Memorandum Opinion dated January 3, 2017, the Superior Court remanded the case for a resentencing hearing to enable this court to make a determination as to whether [Appellant] was RRRI (Recidivism Risk Reduction Initiative Act) eligible. [(See Commonwealth v. Jackson, 160 A.3d 243 (Pa. Super. 2017)) (unpublished memorandum)].

The [prescribed] resentencing hearing was held on April 25, 2017, at which time this court determined and stated for the record that [Appellant] was not RRRI eligible. It then reimposed sentence of four (4) to 10 years, with credit for time served. Timely post-sentence motions were filed and were denied on May 10, 2017. This [timely] appeal followed.

(Trial Court Opinion, 6/29/17, at 1-2) (footnotes and some capitalization omitted).[4]

Appellant raises the following questions for our review:

I. In re-sentencing [Appellant] (again) to 4-10 years' state incarceration, whether the trial court abused its discretion by relying on incorrect facts and misinformation?

_____

[2] Specifically, Appellant pleaded guilty to one count of possession of a controlled substance and a summary traffic offense.

[3] The court had the benefit of two pre-sentence investigation (PSI) reports. (See N.T. Probation Violation Hearing, 9/15/15, at 2).

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on June 7, 2017. The trial court entered an opinion on June 29, 2017. See Pa.R.A.P. 1925.

- 2 -

II. In re-sentencing [Appellant] (again) to 4-10 years' state incarceration, whether the trial court abused its discretion when the requirements of 42 Pa.C.S.A. § 9721(b) were not met?

(Appellant's Brief, at 5).

"Initially, we note that, in an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." Commonwealth v. Wright, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). In this case, both of Appellant's issues on appeal challenge the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:
>
> > (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

Commonwealth v. Johnson-Daniels, 167 A.3d 17, 27 (Pa. Super. 2017) (case citations and quotation marks omitted).

Here, Appellant met the first three elements by filing a timely notice of appeal, properly preserving the issues in his post-sentence motion, and including a Rule 2119(f) statement in his brief. Because Appellant's claims

that the trial court relied on incorrect facts and misinformation in re-sentencing him, and that it failed to consider relevant sentencing criteria as required by 42 Pa.C.S.A. § 9721(b), each present a substantial question, we will review them on the merits. See Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super. 2004), appeal denied, 860 A.2d 122 (Pa. 2004) (stating appellant's claim that trial court relied on incorrect factual assertions in imposing sentence asserts substantial question); see also Commonwealth v. Derry, 150 A.3d 987, 995, 999 (Pa. Super. 2016) (holding sentencing court's failure to consider Section 9721(b) factors presents substantial question for review of discretionary aspects of sentence imposed for violation of probation). Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Johnson-Daniels, supra at 28 (citation omitted).

In his first issue, Appellant argues that the trial court relied on incorrect information regarding his criminal history in resentencing him. (See Appellant's Brief, at 29-33). Specifically, Appellant avers that the court mistakenly believed that he was convicted of other crimes (robbery and possession with intent to deliver a controlled substance) relatively recently (five years ago), when, contrary to the court's belief, he was convicted of

these crimes many years ago, in 1992 and 2003. (See id. at 29-31). This issue does not merit relief.

This Court has stated, "[i]f a sentencing court considers improper factors in imposing sentence upon a defendant, although the sentence thereby imposed is not rendered illegal, the court has committed an abuse of discretion." McAfee, supra at 274 (citation omitted).

> . . . [T]he discretion of a sentencing judge is not unfettered; a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is inimicable [sic] to the concept of due process. . . .
>
> See [] [Commonwealth] v. Karash, 452 A.2d [528,] 528 (citations omitted) ("[T]he court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.").

Commonwealth v. Rhodes, 990 A.2d 732, 746 (Pa. Super. 2009), appeal denied, 14 A.3d 827 (Pa. 2010) (some citations and footnote omitted).

Instantly, our review of the resentencing proceeding indicates that the trial court did not rely on misinformation and incorrect facts in sentencing Appellant. (See N.T. Resentencing, 4/25/17, at 2-15). Although the court briefly misspoke regarding the timeframe of Appellant's prior offenses, it did not attribute to him offenses that he did not commit, and a review of the guilty plea transcript reflects that the court was well-aware of the correct timeframe. (See id. at 10; see also N.T. Guilty Plea, 3/06/13, at 3). In fact, the court's

misstatement at the resentencing hearing was apparently so minor that it went unnoticed, and no one corrected it at that time. (See N.T. Resentencing, at 10). Viewing the proceedings as a whole, we discern no abuse of discretion by the trial court, despite its inaccurate reference to the timing of Appellant's past offenses. See Johnson-Daniels, supra at 28. Accordingly, Appellant's first issue merits no relief.

Appellant next claims that the trial court failed to consider the criteria set forth in Section 9721(b) of the Sentencing Code in resentencing him. (See Appellant's Brief, at 34-42). Appellant maintains that the court wholesale ignored the many things he had accomplished following his September 2015 violation hearing, mitigating evidence which demonstrated that he was rehabilitated and deserved a lesser sentence. (See id. at 34, 40, 42). This issue merits no relief.

Section 9721(b) requires the court to apply the following general principles: "[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), [however,] the record as a whole must reflect due consideration by the court of the statutory considerations at the time of sentencing." Johnson-Daniels, supra at 26 (citation and internal quotation marks omitted).

In addition, we note that "[w]here [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Bonner, 135 A.3d 592, 605 (Pa. Super. 2016), appeal denied, 145 A.3d 161 (Pa. 2016) (citation omitted).

Here, a review of the resentencing proceeding indicates that defense counsel detailed for the court Appellant's efforts to improve his circumstances, including completing a prison class, working at the prison library, and engaging in good behavior while incarcerated. (See N.T. Resentencing, at 4-5). Appellant's mother spoke to his good character, his three children, and his strong family and community support, and she asked for leniency. (See id. at 6-8). Appellant expressed remorse for violating his probation and his dedication to improving his life for himself and his family. (See id. at 11-12). Before imposing sentence, the trial court indicated that it had considered all of the evidence before it and acknowledged that Appellant has taken some positive steps. (See id. at 8-9, 13-14). However, the court concluded that incarceration for the specified time was necessary because Appellant had continued the path he had chosen, despite the court's previous grant of leniency. (See id. at 13).

After reviewing the transcript of Appellant's resentencing hearing, we find no support for his assertion that the trial court disregarded the section 9721 factors. Further, as noted, the court had the benefit of two pre-sentence investigation reports. (See N.T. Probation Violation Hearing, 9/15/15, at 2).

Thus, we presume that it was aware of and properly considered all mitigating evidence in formulating its sentence. See Bonner, supra at 605. We discern no abuse of discretion in the court's sentencing decision, and conclude Appellant's second issue lacks merit. See Johnson-Daniels, supra at 28. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017