J-S81007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| --- | --- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| EDWARD JOSEPH WHITE | |
| Appellant | No. 1196 MDA 2018 |

Appeal from the Judgment of Sentence imposed June 15, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0003397-2010

BEFORE:  STABILE, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                 **FILED MARCH 22, 2019**

Appellant, Edward Joseph White, appeals from the judgment of sentence imposed on June 15, 2018 in the Court of Common Pleas of Lancaster County following revocation of his probation.  Appellant asserts the trial court abused its discretion by imposing a manifestly excessive sentence.  Following review, we affirm.

The trial court provided the following procedural background:

On March 15, 2018, [Appellant] was found to be in possession of order forms for child pornography and was discharged from his sex offender treatment prior to successful completion.  At that time, [Appellant] was serving a probation sentence on Docket Number 3397-2010 for two counts of sexual abuse of children and

_____

* Former Justice specially assigned to the Superior Court.

one count of criminal use of a communication facility.[1] On April 23, 2018, [Appellant] appeared before the court for a probation violation hearing. Due to his possession of order forms for child pornography and discharge from his sex offender treatment prior to successful completion, [Appellant] was found to be in violation of his probation on Docket Number 3397-2010 and his probation was revoked. Sentencing was deferred and [an updated] pre-sentence investigation report ("PSI Report") was ordered. On June 15, 2018, a sentencing hearing was held on [Appellant's] violation. On Docket Number [3397-2010], [Appellant] was sentenced to seven and one-half to fifteen years' incarceration in a state correctional institution.

On June 25, 2018, [Appellant] filed a motion to modify sentence and reduce sentence. On June 27, 2018, the court ordered the Commonwealth to show cause why [Appellant] is not entitled to the relief requested. On July 16, 2018, the Commonwealth filed its answer to [Appellant's] motion. Also on that day, [Appellant] filed a notice of appeal to the Superior Court of Pennsylvania from his judgment of sentence.

Trial Court Rule 1925(a) Opinion, 8/23/18, at 1-2 (footnotes, parentheticals, and some capitalization omitted).

_____

[1] Appellant entered a guilty plea to the original charges on March 28, 2011. Although he faced a maximum aggregate term of incarceration totaling 21 years (seven years on each count), the trial court sentenced him on September 19, 2011 to an aggregate term of ten years' probation. He subsequently violated the terms of his probation by possessing pornographic materials. Following a January 3, 2012 hearing, the court revoked his probation and ordered a pre-sentence investigation report. On May 4, 2012, the court re-sentenced Appellant to an aggregate term of three to six years in prison followed by 15 years' probation. This Court affirmed his judgment of sentence on February 5, 2013, rejecting Appellant's claims of a manifestly excessive sentence. *See Commonwealth v. White*, No. 1039 MDA 2012, unpublished memorandum (Pa. Super. filed February 5, 2013). Appellant completed his term of incarceration and was serving his probationary sentence when he again violated the terms of his probation.

The trial court did not direct Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). As reflected above, the trial court issued its Rule 1925(a) opinion on August 23, 2018, noting that Appellant's sentencing claims were preserved in his motion to modify the sentence.

Appellant asks us to consider one issue, which he frames as follows:

I.    Was a sentence of seven-and-a-half to fifteen years['] incarceration for a probation violation so manifestly excessive as to constitute too severe a punishment and clearly unreasonable under the circumstances of this case, as [Appellant] had not committed a new crime, his conduct did not make it likely that he would commit another crime and such a sentence was not essential to vindicate the authority of the [c]ourt?

Appellant's Brief at 6.

We first note that Appellant is presenting a challenge to the discretionary aspects of his sentence. As this Court observed in **Commonwealth v. Johnson-Daniels**, 167 A.3d 17 (Pa. Super. 2017):

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Id.* (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

*Id.* at 27.

Appellant has satisfied each of the above elements. He filed a timely notice of appeal and preserved his sentencing issue in his motion to modify the sentence. In his brief, he included a Rule 2119(f) statement claiming that the court imposed a manifestly excessive sentence when it imposed a sentence of total confinement upon revocation of probation for a technical violation. Appellant's Brief at 12. This Court has recognized that "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review." *Commonwealth v. Carver*, 923 A.2d 495, 497 (Pa. Super. 2007) (citing *Commonwealth v. Sierra*, 752 A.2d 910, 912, 913 (Pa. Super 2000)). In *Sierra*, we recognized that "[o]n appeal from a revocation proceeding, we find a substantial question is presented when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." *Id.* at 913. Accordingly, we shall address the discretionary aspects of the sentence raised in this appeal.

In *Commonwealth v. Pasture*, 107 A.3d 21 (Pa. 2014), our Supreme Court addressed sentences imposed following revocation of probation and explained that, contrary to requirements for initial sentencing,

> the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent

with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa.Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

>    (1) the defendant has been convicted of another crime; or
>    (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>    (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is

already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings. *See* [*Commonwealth v. Walls*, 926 A.2d 957, 967 n.7 (Pa. 2007)] ("Where [PSI] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

*Id.* at 27-28 (footnote omitted).

Appellant's probation was revoked for a technical violation rather than a conviction of another crime. Therefore, Section 9771(c)(1) is not at issue and we shall limit our discussion to Section 9771(c)(2) and (c)(3) to determine whether the trial court abused its discretion in concluding that the existence of either element warranted a sentence of total confinement.

Here, the trial court determined that a sentence of total confinement was necessary because Appellant's conduct indicated it is likely he will commit another crime if not imprisoned, implicating Section 9771(c)(2). Armed with the benefit of an updated PSI and having presided over Appellant's 2012 revocation proceedings, the trial court explained its conclusion that total confinement was necessary.[2] The court noted that Appellant possessed and

_____

[2] Appellant suggests that the court was more concerned with Appellant's prior probation violation than the current violation. Appellant's Brief at 17. The record does not bear that out. Clearly, as the jurist who presided over the earlier revocation proceedings, the court was familiar with those proceedings. Nevertheless, the record reflects the court's justified concern, borne out of the current violation, for Appellant's high-risk behavior and his ability to reengage in the prohibited behavior. As the Commonwealth notes, the earlier

completed order forms for "calendars" that he admitted were for "kiddie and adult porn" and that one of the "calendars" would have contained nude and pornographic photos of females between the ages of fifteen and eighteen. *See* Trial Court Opinion, 8/23/18, at 7. Further, he acknowledged that the materials would be considered child pornography "and that it was wrong, but that he was curious to see children being sexually violated." *Id.* Further, although he not yet mailed the order forms, he had taken the steps to secure the forms by writing to a company in the Philippines and requesting a catalog containing pictures and descriptions of its available products. *Id.*[3]

The trial court also rejected Appellant's claim that his lack of criminal offenses in the years since his prior probation revocation obviated the need for total confinement. The court explained that Appellant's contention was undermined by the fact Appellant spent most of that time in prison, having been incarcerated from September 2011 until June 2017, only nine months before the subject probation violation in March 2018. *Id.* at 7-8.

_____

revocation was mentioned four times during the proceedings. *See* Commonwealth's Brief at 17-19. However, as the Commonwealth suggests, those four instances were "either for reference to make the record clear, ask counsel's opinion, or in response to a bald assertion made by [Appellant]." *Id.* at 19.

[3] The catalog itself was not located. Appellant admitted to a parole agent that he had disposed of the catalog in a dumpster a week earlier. A search of the dumpster failed to yield the catalog. Notes of Testimony ("N.T."), Revocation Hearing, 4/23/18, at 5.

The trial court expressed its belief that the sentence imposed is consistent with Appellant's rehabilitative needs, the protection of the public, and the gravity of the offenses. *Id.* at 8. The court pointed to the record to support its assertion that "[g]reat consideration was given to [Appellant's] situation and the circumstances surrounding it[.]" *Id.* at 8. Quoting from the sentencing hearing, the court noted that the cycles of Appellant's behavior repeat "so quickly when [he is] not incarcerated" demonstrating Appellant is "a grave danger to the community, [] a grave danger to everyone who has been a victim of the child pornography industry because of [his] propensity to seek out those materials, and [his] insistence on obtaining and seeking out pornography of any kind is an indication that [he] choose[s] not to regard the rules and regulations that are applicable to [his] supervision as limiting [his] behavior." *Id.* (quoting N.T., Sentencing, 6/15/18, at 15). Further, Appellant's ability to order and obtain pornography supports a finding that he is equally able to comply with the restrictions prohibiting him from doing so. His failure to comply with those restrictions signifies that Appellant simply chooses not to comply. *Id.*

The sentence imposed did not exceed that maximum sentence the court could have imposed originally, *see* Note 1; the trial court justifiably concluded that Appellant's conduct indicates it is likely he will commit another crime if not imprisoned; and the reasons for imposing the sentence were disclosed at the time of sentencing, *see* N.T., Sentencing, 6/15/18, at 12-16. Therefore,

- 8 -

the court complied with the mandates of 42 Pa.C.S.A. §§ 9771(b) and 9721(b).

Finding no abuse of discretion in the trial court's imposition of a sentence of total confinement, we shall not disturb Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019