J-S45037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISHMAEL ALI BURK | : | |
| | : | |
| Appellant | : | No. 1522 EDA 2018 |

Appeal from the Judgment of Sentence April 30, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004724-2017

BEFORE:  BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED AUGUST 16, 2019**

Ishmael Ali Burk (Burk) appeals from the judgment of sentence imposed by the Court of Common Pleas of Bucks County (trial court) after he pleaded guilty in case numbers 4724-2017 and 8580-2017.[1]  Specifically, he challenges the discretionary aspects of his sentence contending that the combined sentence for both of those convictions was unreasonable.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Burk also has filed an identical appeal of his judgment of sentence for case number 8580-2017, at docket number 1516 EDA 2018.  ***See Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (Holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case.").

**I.**

**A.**

In the appeal before us, we take the following facts and procedural history from the trial court's February 15, 2019 opinion and our independent review of the record. On October 30, 2017, Burk pleaded guilty in case number 4724-2017 to two counts of Aggravated Assault, Fleeing or Attempting to Elude a Police Officer, Recklessly Endangering Another Person, Resisting Arrest, False Identification to Law Enforcement,[2] and several summary traffic offenses. The court deferred sentencing. The charges arose from a June 26, 2017 incident in which Officer Thomas Leonhauser initiated the traffic stop of a vehicle driven by Burk because it was going 62 miles per hour in a 40 mile per hour zone. (*See* Guilty Plea, 10/30/17, at 4). When Officer Leonhauser stopped the vehicle and asked Burk, who later was determined to be driving with a suspended license, to provide his identifying information, he responded that he had no identification on him and he provided an incorrect spelling of his name (Shamael Burk) and wrong date of birth. (*See id.* at 4-5). The female passenger in Burk's car did not provide any identification either. (*See id.* at 5).

---

[2] 18 Pa.C.S. § 2702(a)(3), 75 Pa.C.S. § 3733(a), and 18 Pa.C.S. §§ 2705, 5104, and 4914(a), respectively.

Officer Andrews arrived on scene as backup. A search on the car's license plate revealed the vehicle's registration expired in 2008 and that there was an active Bucks County arrest warrant for Burk, the vehicle owner. (*See id.*). When the officers asked to Burk to exit the vehicle, he refused and started it instead. The officers engaged in a physical struggle with Burk, who put the car in reverse and hit both officers with his open drivers' door, causing them to fall. (*See id.* at 5-6). They returned to their police vehicle and pursued Burk, who was fleeing the scene in excess of speeds of 75 miles per hour. (*See id.* at 6). With other vehicles on the road, Burk exited his moving car, leaving it for his passenger to try to control, and began to flee on foot. (*See id.*). The officers engaged in a foot pursuit of Burk through a residential neighborhood and were required to tase him twice. When the officers finally subdued him, they did so in spite of his consistent and aggressive attempts to resist arrest. (*See id.*). The officers were transported to the hospital for their injuries, which consisted of bruises and scrapes on their bodies. (*See id.* at 7).

**B.**

In an unrelated case, on February 16, 2018, Burk pleaded guilty in case number 8580-2017, also before us in a companion appeal at docket number 1516 EDA 2018, to Criminal Attempt-Theft by Deception, Theft by Deception,

Bad Checks, Insurance Fraud, and Criminal Use of a Communication Facility.[3] The charges related to Burk's operation of a complex criminal scheme to defraud auto insurance companies from June 31, 2014, through September 3, 2015. (*See* N.T. Guilty Plea and Sentencing, 2/16/18, at 16). In the course of the scheme's operation, Burk filed 32 fraudulent claims with ten different insurance companies, with each claim pertaining to one of six cars. During the policy application and claim processes, Burk would falsely deny previous coverage for the car, provide deceptive reports of vehicle damage and about past claims (if discovered), and give and use false names, birthdates, Social Security numbers and addresses. (*See id.* at 19-20). Burk received $22,994.95 due to the fraudulent claims. (*See id.* at 21). He would have realized another $85,000.00 if all of the claims he attempted had been successful. (*See id.*).

## C.

Burk was sentenced on the two unrelated criminal convictions at the same time. The trial court sentenced Burk to an aggregate term of incarceration of not less than 51 nor more than 102 months' incarceration for one count each of Aggravated Assault, False Information to Law Enforcement, and Fleeing or Attempting to Elude Police, in case number 4724-2017. (*See*

---

[3] 18 Pa.C.S. §§ 901/3922(a), 3922(a), 4105(a), 4117(b)(4), and 7512(a), respectively.

*id.* at 40-42). No further sentence was imposed on the remaining charges. In case number 8580-2017, the court sentenced Burk to an aggregate term of not less than 67 nor more than 134 months' incarceration for one count each of Insurance Fraud, Dealing in Proceeds of Unlawful Activity, and Identity Theft, and did not impose any sentences on the remaining charges. (**See id.** at 42-44). The court ordered the sentences to run consecutively, for a total aggregate term of not less than 118 nor more than 236 months' incarceration. (**See id.** at 44).

Burk filed a motion for reconsideration of sentence on both cases which the trial court granted. It held a hearing on April 30, 2018. After the hearing, in case number 4724-2017, the court vacated the sentence for False Information to Law Enforcement and decreased the remaining individual sentences, resulting in a modified aggregate sentence of not less than 36 nor more than 72 months' incarceration. (**See** Reconsideration of Sentence, 4/30/18, at 29-30). In case number 8580-2017, the court decreased each of the individual sentences, leading to an aggregate sentence of not less than 54 nor more than 108 months' incarceration. (**See id.** at 30-31). The court ordered the sentences to run consecutively, for a total aggregate sentence of not less than 90 nor more than 180 months' (seven and one-half nor more than fifteen years') incarceration. (**See id.** at 31). Burk timely appealed. He and the trial court complied with Rule 1925. **See** Pa.R.A.P. 1925.

**II.**

**A.**

On appeal, Burk contends that the trial court abused its discretion in imposing his sentence because while the sentence is "purported to be within the guidelines, but upon the aggregation of the counts and cases is unreasonable[.]" (Burk's Brief, at 4).[4]

This issue challenges the discretionary aspects of sentence which "must be considered a petition for permission to appeal." ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted).

It is well-settled that:

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine

---

[4] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014), appeal denied, 95 A.3d 275 (Pa. 2014) (citation omitted).

whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

*Commonwealth v. Hill*, 66 A.3d 359, 363-64 (Pa. Super. 2013) (citations omitted) (emphases in original).

Burk has met the procedural requirement of including a Rule 2119(f) statement. (*See* Burk's Brief, at 12-13). Further, his issue, that the sentence is excessive for the protection of the public, the gravity of the offense, and his rehabilitative needs, and is unreasonable "based on the consecutive nature of each count and case," raises a substantial question. (Burk's Brief, at 12); *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015), *appeal denied*, 126 A.3d 1282 (Pa. 2015) ("[C]hallenge to the imposition of his consecutive sentences as unduly excessive, together with [] claim that the court failed to consider [sentencing factors] upon fashioning its sentence, presents a substantial question."); *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) ("[D]efendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence[.]") (emphasis and citations omitted). Hence, we will consider the merits of his claim.

**B.**

In imposing its sentence, the trial court explained its reasons stating:

Our sentence was necessary to protect the public from an extreme recidivist who completely rejected the terms and conditions of probation and parole supervision. Both cases had significant impact on their specific victims as well as the surrounding community. We reached our sentencing decision only after careful consideration of the Sentencing Code, the circumstances of the offenses, and the character of the offender.

(Trial Court Opinion, 2/15/19, at 10); (*see also id.* at 13 ("[W]e considered [Burk's] conduct, his criminal history, his rehabilitative needs, the sentencing guidelines, the impact of his crimes on the victims and community, and public safety."); (N.T. Reconsideration of Sentence, at 28-29).

Our independent review reveals that the court did not abuse its discretion when fashioning Burk's sentence. The court found that Burk had an "absolute disregard for the rule of law" based on his criminal history, the fact that he committed each new crime while on probation, parole, or bail, and that there was an outstanding warrant for his arrest at the time of the Aggravated Assault incident because he "was an absconder from parole supervision at the time." (Trial Ct. Op., at 7); (*see* N.T. Guilty Plea and Sentencing, at 36-37, 39; Reconsideration of Sentence, at 29-30). The court also considered Burk's rehabilitative needs, finding that he "certainly [has not] responded to probationary treatment[] [because he] still commit[s] crimes." (N.T. Sentencing, at 39); (*see also* Reconsideration of Sentence, at 29). The court considered the "confusing and conflicting testimony from [Burk] regarding his employment, mental health treatment and prescribed medication" and the fact that treating physicians expressed concerns that

"[Burk] was attempting to manipulate his diagnosis by exaggerating symptoms or malingering." (Trial Ct. Op., at 8); (**see also** N.T. Reconsideration of Sentence, at 7, 29).

As for Burk's claim that the individual standard range sentences were excessive in the aggregate considering the sentence imposed with the fraud charge, the court only imposed sentences on six of the fifteen counts available, with no further penalties imposed on the other nine counts. (**See** Trial Ct. Op., at 1, 5-6). Upon reconsideration, the court vacated a sentence on one count and reduced the sentences on four of the remaining five counts. (**See** N.T. Reconsideration of Sentence, at 30-31). In any event, "[L]ong standing precedent of this Court recognizes that 42 Pa.C.S. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 28 (Pa. Super. 2017), *appeal denied*, 174 A.3d 1029 (Pa. 2017) (citations omitted).

Based on all of the foregoing and our independent review of the certified record, we discern no manifest abuse of discretion by the trial court in sentencing Burk to consecutive terms of incarceration in this matter. **See Antidormi**, **supra** at 760; **see also Commonwealth v. Foust**, 180 A.3d 416, 434 (Pa. Super. 2018) ("[D]efendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence.") (citations

omitted). Therefore, his issue fails and we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/16/19