J-S08005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ORILANA EKUNFEO :
:
Appellant : No. 479 WDA 2019

Appeal from the Judgment of Sentence Entered February 13, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008269-2018

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 20, 2020**

Appellant, Orilana Ekunfeo, appeals from the judgment of sentence entered on February 13, 2019, as made final by the denial of his post-sentence motion on February 26, 2019, following his bench trial convictions for possession of marijuana, possession with intent to deliver marijuana, and possession of drug paraphernalia.[1] We affirm.

The trial court summarized the facts of this case as follows:

On May 18, 2018, detectives from the City of Pittsburgh Bureau of Police executed a search warrant at [a residence] on Walter Street in the City of Pittsburgh. Detectives entered the residence and began conducting a search. Detectives determined that [Appellant] resided [in a] second floor [bedroom] of that residence[.] While searching [Appellant's] bedroom, detectives recovered marijuana, a digital scale, and plastic baggie[s, known colloquially as "diapers" or sandwich bags with the corners removed]. The marijuana was packaged in [the removed corners

---

[1]    35 P.S. §§ 780-113(a)(16), 780-113(a)(30), and 780-113(a)(32), respectively.

of baggies]. Detectives also recovered a holster for a firearm in that bedroom. They additionally recovered a firearm, ammunition for the firearm and empty [] bags from a duffel bag concealed in a cubbyhole in the hallway outside of the bedroom. [Appellant] admitted that all of the items, except the firearm, belonged to him. He told detectives that he was not aware that a firearm was in the residence. Detective William Churilla testified as an expert in this case. He opined that, based on the evidence recovered from [Appellant's] bedroom, [Appellant] possessed the marijuana with the intent to deliver it.

Trial Court Opinion, 8/16/2019, at 1-2 (footnote incorporated).

The Commonwealth charged Appellant with the aforementioned crimes, as well as persons not to possess a firearm and receiving stolen property. Following a bench trial on February 13, 2019, the trial court found Appellant guilty of the narcotics related crimes, but acquitted him of the firearm offense and receiving stolen property. The trial court sentenced Appellant to 16 to 60 months of imprisonment for possession with intent to deliver marijuana. The simple possession conviction merged for sentencing purposes. The trial court imposed no further penalty on the paraphernalia conviction. On February 22, 2019, Appellant filed a timely post-sentence motion asking the trial court to reconsider his sentence. By order entered on February 26, 2019, the trial court denied relief. This timely appeal resulted.[2]

---

[2] Appellant filed a timely notice of appeal on March 28, 2019. On the same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 18, 2019. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 16, 2019.

On appeal, Appellant presents the following issue[3] for our review:

I.     Is the sentence imposed of [16] to [60] months of incarceration in this case manifestly excessive, unreasonable, contrary to the dictates of the Sentencing Code and an abuse of the sentencing court's discretion? Specifically, did the sentencing court fail to put adequate reasons on the record for imposing a five-year state sentence which involved possession of less than a pound of marijuana? Further, when a court fails to mention at all any rehabilitative needs of the defendant, as well as other factors under 42 Pa.C.S.A. § 9721(b), is the sentence imposed not an abuse of that court's discretion? Finally, even if the minimum sentence is within the sentencing guidelines, is not the imposition of the maximum sentence that is almost four times more than the minimum too great a punishment under the circumstances of this case?

Appellant's Brief at 6.

Appellant claims that "his sentence is manifestly unreasonable because, while the minimum sentence imposed is within the standard range of the sentencing guidelines, the maximum sentence imposed is almost four times as long and the circumstances of this case do not justify such a harsh sentence." *Id.* at 13. In sum, Appellant states:

The sentence imposed by a court with an intense focus on the fact that [Appellant] is a big, strong guy who shouldn't need to be a drug dealer. This is the single fact underpinning [Appellant's] sentence as a whole. The court makes absolutely no mention of [Appellant's] current family situation. Nor did the court discuss [Appellant's] work history, health needs, or periodic homelessness. The sentencing court also did not mention any of

_____

[3] Appellant also presented a challenge to the sufficiency of the evidence in his Rule 1925(b) concise statement, but does not raise that issue on appeal. We will not address it. **See Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.").

[Appellant's] rehabilitative needs. Instead, the court focused only upon the fact that [Appellant] made life choices that the judge did not understand.

While [Appellant] admits the serious impact on society due to illegal drugs, the reasons listed by the trial court show an excessive emphasis on retribution which is disfavored[.] It appears that the trial court determined that it would wash its hands of [Appellant], who should now be supervised by state authorities. Most troubling is the lack of any consideration for [Appellant's] rehabilitative needs. Therefore, while the sentence is technically a standard range sentence based upon the minimum sentence, it is nonetheless clearly unreasonable due to the court's abject failure to consider [] mitigating factors.

*Id.* at 23-24.

We have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal. *Id.* As this Court has explained:

[t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In this case, Appellant complied with the first three requirements as set forth above. Appellant filed a motion for reconsideration, a timely notice of appeal, and included a statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Moreover, Appellant presents a substantial question for our review. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("this Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question").

We previously stated:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> 42 Pa.C.S.A. § 9721(b). Furthermore, when sentencing a defendant, the trial court is required to consider the sentencing guidelines. *See Commonwealth v. Tobin*, 89 A.3d 663, 669 n. 4 (Pa. Super. 2014) (citation omitted). In [a] case [where a defendant] was sentenced within the sentencing guidelines[,] we may only vacate his sentence if [the] "case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

*Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016). Moreover, we note "[t]he [sentencing] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b), [however,] the record as a whole must reflect due consideration by the court of the statutory considerations at the time of

- 5 -

sentencing." ***Commonwealth v. Johnson–Daniels***, 167 A.3d 17, 26 (Pa. Super. 2017) (internal citation and quotations omitted).

A close examination of the sentencing transcript reveals that the trial court addressed Appellant's rehabilitative needs at sentencing. Although the trial court did not use the phrase "rehabilitative needs," there is no requirement that it must. Instead, the trial court discussed Appellant's criminal history and opined that less restrictive alternatives to incarceration had proven unsuccessful and, as a result, a term of incarceration at a state correctional facility was warranted. First, the trial court noted that Appellant was on probation for criminal trespass at the time he was arrested in this matter. N.T., 2/13/2019, at 69-70. The trial court judge presided over the prior criminal trespass case and was aware of it when sentencing Appellant in this matter. ***Id.*** at 70. Next, before sentencing in this case, Appellant's probation officer told the trial court that Appellant did not make himself available for supervision and, as a result, they were unable to determine if Appellant complied with the terms of his probation. ***Id.*** Thereafter, when sentencing Appellant, the trial court specified:

> [Appellant] has not cooperated with County probation. He commits felonies while on probation for a felony while he's making himself unavailable to [the] [P]robation [Department]. Therefore, he has a prior [record] score of five and it is [the trial court's] view that **trying to supervise the defendant on County probation simply does not work**, so we're issuing a state sentence.

***Id.*** at 73-74 (emphasis added). Finally, the trial court also stated on the record:

I'm sorry to do this to you, sir but **you just can't keep doing this**. **You can't keep committing felonies and not responding to probation. We can't accept it anymore**.

*Id.* at 75.

Based upon all of the foregoing, we conclude that the trial court considered Appellant's rehabilitative needs to conclude that less restrictive alternatives to incarceration were ineffective in rehabilitating Appellant and, thus, a term of incarceration was justified. The trial court sentenced Appellant within the standard range of the sentencing guidelines, which was not "clearly unreasonable" under 42 Pa.C.S.A. § 9781(c)(2). Thus, we discern no abuse of discretion in sentencing Appellant. Accordingly, there is no merit to Appellant's sole appellate issue.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2020

- 7 -