J-S47036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES FREDERICK NEWMAN, | : | |
| | : | |
| Appellant | : | No. 599 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 20, 2020
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0006214-2017

BEFORE:    STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED FEBRUARY 25, 2021**

James Frederick Newman (Appellant) appeals from the February 20, 2020 aggregate judgment of sentence of 8 to 20 years of incarceration following his negotiated guilty plea to two counts of drug delivery resulting in death. Upon review, we affirm.

The trial court provided the following background.

> On or about October 18, 2017, Appellant, age 66, was charged at the above-captioned docket [] with three counts of drug delivery resulting in death. After pre-trial motions, Appellant proceeded to trial by jury on two counts of drug delivery resulting in death.[2] Trial commenced on January 6, 2020. On January 9, 2020, the fourth day of trial, and after the Commonwealth presented all of its witnesses, [] Appellant alerted the court that he wished to plead guilty. He entered a guilty plea pursuant to a negotiated plea agreement to two counts of drug delivery resulting in death to an agreed period of incarceration of 8-20 years in a state correctional institution. Th[e trial] court accepted [] Appellant's plea and deferred sentencing to February 20, 2020.

_____

*Retired Senior Judge assigned to the Superior Court.

_____

2 Following a hearing on Appellant's petition for writ of habeas corpus on November 9, 2018, the Commonwealth withdrew count 1 – drug delivery resulting in death.

Trial Court Opinion, date, at 1 (capitalization altered; record citations and some footnotes omitted).

On February 20, 2020, at the start of his sentencing hearing, Appellant orally moved to withdraw his guilty plea. Specifically, his counsel stated, without elaboration, that Appellant was "seeking to withdraw his plea, and he's asserting his innocence as to the two counts that he entered a plea to." N.T., 2/20/2020, at 2. The Commonwealth "vehemently" objected, arguing that allowing Appellant to withdraw his plea would result in substantial prejudice to the Commonwealth. In support, the Commonwealth noted that it had already presented "close to 15 witnesses" over a four-day jury trial, including three expert witnesses whose total expenditures had cost the Commonwealth approximately $15,000, and the Commonwealth was about to rest its case when Appellant decided to plead guilty. *Id.* at 2-4.

The trial court denied Appellant's motion, which it noted had been raised at "the 11th hour plus 59 minutes," because (1) there was compelling evidence of Appellant's guilt presented over a four-day jury trial, at the near conclusion of which Appellant decided to plead guilty; (2) a full colloquy was conducted prior to the entry of Appellant's guilty plea; (3) it would be a "terrible inconvenience and expense to the government to have to retry this

case"; and (4) it would put strain on the families of the deceased. *Id.* at 4-6. Thereafter, the trial court sentenced Appellant in accordance with his negotiated plea agreement to an aggregate term of incarceration of 8 to 20 years.

On March 2, 2020, Appellant filed a post-sentence motion to reconsider the denial of his motion to withdraw his plea. According to Appellant, he pleaded guilty, despite his innocence, as a result of "pressure from several family members who sat through trial testimony[.]" Post-Sentence Motion, 3/2/2020, at ¶ 12. Additionally, he assailed the sufficiency of the evidence presented against him, and claimed that, had he had the opportunity to testify at trial, he could have explained or refuted his statements to police, which he claims comprised the only evidence that Appellant delivered the drugs in question. *Id.* at ¶¶ 14-20. The Commonwealth filed a response, and on March 23, 2020, the trial court denied Appellant's post-sentence motion. On April 7, 2020, the trial court granted counsel's request to withdraw and appointed new counsel for Appellant.

This timely-filed notice of appeal followed.[1] Appellant presents a single issue for our review: whether the trial court erred in denying his pre-

---

[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

sentence motion to withdraw his guilty plea. Appellant's Brief at 5. We consider this claim mindful of the following.

"We review a trial court's ruling on a pre-sentence motion to withdraw a guilty plea for an abuse of discretion." *Commonwealth v. Islas*, 156 A.3d 1185, 1187 (Pa. Super. 2017) (citation omitted). "Preliminarily, we recognize that at 'any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte,* the withdrawal of a plea of guilty [] and the substitution of a plea of not guilty.'" *Commonwealth v. Blango*, 150 A.3d 45, 47 (Pa. Super. 2016) (quoting Pa.R.Crim.P 591(A)). Our Supreme Court clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea.

> To be clear, when a trial court is faced with a pre[-]sentence motion to withdraw a guilty plea, the court's discretion is not unfettered. As this Court has often explained, "[t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted). Thus, a court's discretion in ruling on a presentence motion to withdraw a guilty plea must be informed by the law, which, for example, requires courts to grant these motions liberally, *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), and to make credibility determinations that are supported by the record, *see Commonwealth v. Myers*, 722 A.2d 649, 652 (Pa. 1998) (explaining that, "when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record"). Moreover, while an appellate court should not substitute its judgment for that of a trial court that ruled on a

presentence motion to withdraw a guilty plea, the appellate court is tasked with the important role of assessing the propriety of the trial court's exercise of its discretion. ***See Widmer***, 744 A.2d at 753 ("The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion.").

***Commonwealth v. Norton***, 201 A.3d 112, 121 (Pa. 2019) (citation format

altered).

> [W]hen a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the "innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Carrasquillo***, 115 A.3d at 1292. Stated more broadly, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** While the ***Carrasquillo*** Court acknowledged that the "policy of liberality remains extant," the Court explained that this policy "has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." ***Id.***
>
> Thus, the ***Carrasquillo*** Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

***Id.*** at 120-21 (some citations omitted).

> [T]he determination of whether there is a "fair and just reason" to permit the pre-sentence withdrawal request should be based on the totality of the circumstances attendant **at the time of the request**, including the timing of the assertion of innocence, the statements made by the defendant in association with his

declaration of innocence, and the plausibility of the defendant's statements in light of the evidentiary proffer made by the Commonwealth at the plea hearing.

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 24 (Pa. Super. 2017),

*quoting* **Carrasquillo**, 115 A.3d at 1286, 1292-93 (emphasis added).

Here, in considering Appellant's pre-sentence motion to withdraw his plea and his post-sentence motion to reconsider, the trial court found

little merit in [Appellant's] claim of innocence when the Commonwealth was about to rest its case-in-chief and [] Appellant had the opportunity to present witnesses and testify on his own behalf. If all that [] Appellant claims is true in his post-sentence motion, surely [] Appellant could have proceeded at trial and offered his evidence and let the jury decide. There was no new evidence discovered from the time Appellant entered his guilty plea to sentencing that would afford [] Appellant a new trial or provide a sufficient reason for [] Appellant to withdraw his guilty plea. He did not raise any other facts or cite specific circumstances that could have provided a basis for th[e trial] court to find a sincere or plausible claim of innocence. Simply put, Appellant's application to withdraw his guilty plea is an attempt to manipulate the justice system.

Trial Court Opinion, 5/14/2020, at 5-6.

Upon review, we discern no abuse of discretion in the trial court's conclusion that Appellant's bald assertion of innocence on the day of his negotiated sentencing hearing was not in any way "plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." **Carrasquillo**, 115 A.3d at 1292. Appellant's assertion of new reasons, after sentencing, for the trial court to reconsider his pre-sentence motion to withdraw his plea did not remedy his failure to do so at the time of

the initial request. **See Johnson-Daniels**, 167 A.3d at 24. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2021