J-S26039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ORLANDO MARTIN | : | |
| | : | |
| Appellant | : | No. 3088 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 8, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001097-2015

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED NOVEMBER 3, 2023**

Orlando Martin appeals from the judgment of sentence entered following the revocation of his probation. Martin challenges the discretionary aspects of his sentence. We affirm.

Martin pleaded guilty in September 2015 to one count of burglary – overnight accommodation, no person present.[1] The court sentenced him to a term of two to four years in prison followed by five years of probation. After Martin had begun serving his probationary sentence, in March 2022, the court found him in direct violation and revoked his probation. A presentence investigative ("PSI") report was ordered and completed. After a hearing on November 8, 2022, the court imposed a new sentence of three to six years' incarceration, to run consecutively to any sentence he was currently serving.

_____

[1] 18 Pa.C.S.A. § 3502(a)(2).

Martin filed a motion to reconsider his sentence. Before the court ruled on the motion, Martin filed a timely notice of appeal.

Martin raises the following issue for our review:

Whether the lower court determination and Order of November 8, 2022 revoking [Martin's] probation for violating its terms and resentencing him to a 3-to-6-year state sentence was an abuse of discretion where it failed to properly consider all of the sentencing factors of 42 Pa.C.S.A. § 9721(b) and/or any mitigating evidence when it imposed the VOP sentence?

Martin's Br. at 6 (footnote omitted).

Martin challenges the discretionary aspects of his sentence. *See id.* at 6 n.1. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Martin's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

- 2 -

Here, Martin timely appealed and preserved his challenge in a post-sentence motion. Although Martin failed to include a separate Rule 2119(f) statement in his brief, he set forth his Rule 2119(f) statement in the argument section of his brief. **See** Martin's Br. at 11-12. The Commonwealth has not objected so we proceed to determine whether Martin has raised a substantial question.[2]

A substantial question exists when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa.Super. 2010). Martin claims the court abused its discretion when it imposed an excessive sentence for a technical probation violation and failed to consider the relevant sentencing factors, particularly Martin's rehabilitative needs. Martin's Br. at 11-12. This presents a substantial question. **See Commonwealth v. Colon**, 102 A.3d 1033, 1043 (Pa.Super. 2014) (stating that the imposition of a sentence of total confinement following the revocation of probation based solely on a technical violation raises a substantial question); **Commonwealth v. White**, 193 A.3d 977, 983 (Pa.Super. 2018) (recognizing substantial question where appellant claims

---

[2] **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa.Super. 2004) (stating that "when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal").

sentence is excessive and the sentencing court disregarded appellant's rehabilitation needs). We therefore proceed to review the merits of Martin's claim.

Martin argues the court abused its discretion because it failed to consider the sentencing factors pursuant to 42 Pa.C.S.A. §§ 9721(b) and 9725, and the sentencing alternatives under 42 Pa.C.S.A. § 9771(b) and (c), when it sentenced Martin to three to six years' incarceration for his violation of probation. Martin's Br. at 8-9. He further contends that his term of incarceration was excessive because it was not necessary to vindicate the court's authority and the court failed to properly consider Martin's rehabilitative needs. *Id.* at 12.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa.Super. 2021). If a revocation sentence is within the statutory limits and "was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation," then that sentence "is peculiarly within the judge's discretion." *Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014). Upon revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing[.]" 42 Pa.C.S.A. § 9771(b).

The court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c). Where the court has the benefit of a PSI report, we presume the court was aware of all appropriate sentencing factors and considerations and consider the requirement that the court place its reasoning on the record to be satisfied. **Commonwealth v. Johnson-Daniels**, 167 A.3d 17, 26 (Pa.Super. 2017).

Here, Martin's conclusory argument that the court failed to consider all relevant sentencing factors, including his rehabilitative needs, is belied by the record. At his violation of probation hearing, the court stated:

> Let the record reflect I have reviewed the guidelines. I have reviewed [Martin's] criminal history. I reviewed the presentence investigative reports, which also highlight the following: Mr. Martin has been arrested as an adult 21 times, convicted 14 times, committed 20 times, has had 12 violations thus far resulting in 11 revocations; and that's not counting what happened with the last three cases.
>
> Mr. Martin['s] social history reflects and reports that there [were] some difficulties in his upbringing. He described his family dynamics as dysfunctional and he denied being physically abused or neglected. The family was never investigated by the Department of Human Services.
>
> He noted that the passing of his grandparents in 2000 affected him very severely. He noted that beginning at the age of 16 he began spending time with the wrong crowd, selling and using elicit narcotics.
>
> He reflected that or reported that he attended high school in Puerto Rico and earned his high school diploma. He did go to trade

school, but he was unsure if he had a certificate. He reported self-employment in the form of being a tattoo artist.

And as noted in the mental health history at one point he was diagnosed with being -- having bipolar, schizophrenia, and depression.

His history of substance abuse, according to him, began at the age 16 with the initial use of marijuana. Progressed to heroin using three bundles a day, spending, approximately, $200 a day. Reported that the last time he had consumed those substances was prior to incarceration.

He was cooperative during the mental health and the presentence investigations.

There was a question mark in addition to his criminal history as to what happened with the three additional arrests in Puerto Rico for which the dispositions are unknown.

[Martin's] overall supervision has been reported by the Department to be poor and he's failed to comply with rules and regulations. It is recommended that when back out on the street, that his supervision include frequent urine testing to deter any substance abuse and referrals to treatment. And is also recommended vocational training as well as [ongoing] home visits and regular checks for drugs and/or weapons during the condition of his supervision.

This [c]ourt has reviewed the nature of his other cases, as well as reviewed, again, the underlying matter. I will review first the required conditions of this sentence.

N.T. VOP Hearing, 11/8/22, at 18-20 (emphasis removed).

Thus, it is evident that the court considered the appropriate factors, including Martin's repeated criminal conduct and violations of probation. In addition, the court had the benefit of a PSI report. We therefore presume the court weighed all relevant factors, including Martin's rehabilitative needs. *Johnson-Daniels*, 167 A.3d at 26. Accordingly, the record supports the court's finding of a likelihood of reoffending and that a sentence of

imprisonment was necessary to vindicate the authority of the court. Thus, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/03/2023