**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAR'RON JAMAL SMITH | : | |
| | : | |
| Appellant | : | No. 2661 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 17, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004282-2017

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED DECEMBER 11, 2023**

Kar'ron Jamal Smith appeals from the judgment of sentence following his open guilty plea to one count of burglary and three counts of robbery.[1] Smith challenges the discretionary aspects of his sentence. We affirm.

A prior panel of this Court summarized the facts as follows:

[O]n or about November 2[,] 2016[,] in the County of Chester, Uwchlan Township[,] [Smith], armed with a deadly weapon and along with another, did enter an occupied structure adapted for overnight accommodation with the residents present and asleep. He entered with the intent to commit a theft within the residence, and while inside, [Smith] and another did use physical force to restrain several members of the family in the course of taking their belongings. Using zip ties[, Smith] and another . . . bound Luke Wallace, Carter McFadden, Donna [McFadden,] and David McFadden, pistol-whipping Carter McFadden when she was too slow to comply. [Smith] and another moved all the residents into one room to control them, then separated Carter McFadden, took her to another area of the house and stole property; took David

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1) and 3701(a)(1)(ii), respectively.

McFadden to another area of the house and stole property[;] and then ransacked the home.

During the course of the robbery, [Smith] and another stated to the parents, ["]Which child["] or ["W]hich one do you like better[?"] while brandishing a firearm at Luke Wallace and Carter McFadden. [Smith and his co-conspirator] also informed the victims that[,] if they left and they stepped outside, that they would be sniped. DNA evidence placed [Smith] within the confines of the home at the time of the robbery.

*Commonwealth v. Smith*, 276 A.3d 208 (Table), No. 1996 EDA 2020, 2022 WL 611018, at *1 (Pa.Super. filed Mar. 2, 2022) (unpublished mem.) (citing N.T. Guilty Plea Hearing, 12/9/19, at 3-4) (alterations in *Smith*).

Smith entered an open guilty plea to one count of burglary and three counts of robbery. He was sentenced on the burglary count to six to 12 years' incarceration, on each of the first two counts of robbery to seven to 14 years' incarceration, and on the last count of robbery to five years of probation. The sentences were ordered to run consecutively for an aggregate term of 20 to 40 years' incarceration. The parties had agreed to cap the minimum at 20 years.

Smith appealed, and this Court vacated his judgment of sentence and remanded for resentencing. *See id.* We found that the trial court had erroneously attributed the pistol-whipping of Carter McFadden to Smith when Smith did not admit to the pistol-whipping nor plead guilty to conspiracy or to any crime involving the infliction of bodily injury. *Id.* at *7. We concluded:

While the pistol-whipping was not the sole basis for the sentence imposed, the record reflects that it was clearly a significant sentencing factor relied upon [by] the trial court. Although the court later conceded at the hearing on Smith's motion to modify

sentence that Smith never admitted to the pistol-whipping, the court's *ex post facto* clarification does not negate the fact that, at the time of sentencing, it relied, in part, on an impermissible consideration. Accordingly, we are constrained to vacate Smith's judgment of sentence and remand to the trial court for resentencing in accordance with the dictates of this memorandum.

*Id.* We further emphasized that although we vacated the judgment of sentence, we did not "express any opinion as to the reasonableness of the trial court's sentence." *Id.* at *7 n.10.

Upon remand, the trial court held a hearing and resentenced Smith to five to ten years' incarceration on the burglary count and to 14 to 28 years' incarceration followed by five years' probation on the robbery counts, for an aggregate term of 19 to 38 years' incarceration. In doing so, the court acknowledged that it did not consider in Smith's resentence the allegation that Smith pistol-whipped one of the victims. *See* Trial Court's Supplemental Opinion Pursuant to Pa.R.A.P. 1925(a), filed 3/7/23, at 5 ("Supp. 1925(a) Op."). Smith filed a motion to reconsider his sentence, which was denied. This appeal followed.

Smith raises the following issues:

1. Did the trial court abuse its discretion in sentencing [Smith] in the aggravated range on Robbery Count Three and Robbery Count Four without placing reasoning for sentencing in the aggravated range on these counts?

2. In light of the significantly lower guidelines and the directive from the Superior Court that this [c]ourt not consider the pistol whipping of C.M., (a very significant ground relied upon for the original twenty (20) to forty (40) year aggregate sentence), did the trial court abuse its discretion in failing to consider the substantially lower applicable sentencing guidelines imposing a

substantially similar aggregate sentence to that originally imposed?

3. Did the trial court err in that there is a discrepancy between the [c]ourt's stated intention on the record, the filed "Guideline Sentence Forms", and the sentences imposed on Counts 3 through 5?

Smith's Br. at 2.

Smith challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018). Before reviewing the merits of Smith's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." *Commonwealth v. Green*, 204 A.3d 469, 488 (Pa.Super. 2019); *see also* Pa.R.A.P. 2119(f) (stating that an appellant who challenges the discretionary aspects of a sentence "shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence").

Here, Smith filed a timely notice of appeal, included a Rule 2119(f) statement in his brief, and raised a substantial question. *See Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa.Super. 2004) (finding substantial question where appellant claimed the sentencing court sentenced

him in the aggravated range without placing adequate reasons on the record);

***Commonwealth v. Antidormi***, 84 A.3d 736, 759 (Pa.Super. 2014) (concluding claim that court imposed sentence outside the standard range without stating adequate reasons presents a substantial question). However, Smith failed to preserve his issues by failing to raise them in his post-sentence motion or at resentencing.

A challenge "to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal." ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super. 2008). "Absent such efforts, an objection to a discretionary aspect of sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (citation omitted). This failure cannot be cured by submitting the claim in a Rule 1925(b) statement. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa.Super. 2003).

Smith's post-sentence motion was limited to the following:

After the Superior Court ordered resentencing, [Smith] received, largely the same sentence with one (1) to two (2) years "credit" for good behavior, rather than taking into consideration the considerably lower guidelines of the appropriate deadly weapons possessed enhancement and going forth to sentencing without considering the alleged pistol whipping.

Thus, no consideration was made to address the erroneous use of the deadly weapon used enhancement, nor the aggravating circumstance of the alleged pistol whipping, for which [Smith] did not plead. In essence, this Honorable Court merely applied the same sentence without uttering the words "deadly weapon used" or referencing the alleged pistol whipping, both of which were justifications given during the first sentencing for the initial twenty (20) to forty (40) year punishment.

Smith's Motion to Reconsider, filed 8/23/22, at ¶¶ 4, 5.

Further, at resentencing, Smith argued that the deadly weapon "possessed" enhancement, as opposed to the "used" enhancement, applied, and asked the court to impose concurrent, rather than consecutive, sentences on the robbery counts. **See** N.T. Resentencing Hearing, 8/17/22, at 33. Smith also objected to the court's failure to state its reasons on the record when it imposed an aggravated sentence on his burglary conviction but made such no objection with respect to his robbery convictions. **See id.** at 46.

Notably, Smith failed to raise any of his three issues on appeal in his post-sentence motion or at resentencing. Rather, he first raised the issues in his Rule 1925(b) and supplemental Rule 1925(b) statements. Accordingly, Smith's issues are waived. **See Watson**, 835 A.2d at 791.

Even if Smith had preserved his arguments, he would not be entitled to relief. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Edwards**, 194 A.3d 625, 637 (Pa.Super. 2018) (citation omitted). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Id.** (citation omitted). In imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Where the court has the benefit of a presentence investigative ("PSI") report, we presume the court was aware of all appropriate sentencing factors and considerations and we consider the requirement that the court place its reasoning on the record to be satisfied. ***Commonwealth v. Johnson-Daniels***, 167 A.3d 17, 26 (Pa.Super. 2017). In conducting appellate review, we may not reweigh the sentencing factors and impose our own judgment in place of that of the trial court. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009).

Smith contends that the trial court abused its discretion in sentencing him in the aggravated range on two robbery counts without placing its reasons for sentencing in the aggravated range on the record. Smith's Br. at 26. Smith argues that in resentencing him, the court erroneously "relied on the same exact information" as at the original sentencing hearing. ***Id.*** at 27.

"[W]hen a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh." ***Commonwealth v. Caple***, 121 A.3d 511, 522 (Pa.Super. 2015) (citation omitted). The judge at the resentencing hearing "should reassess the penalty to be imposed on the defendant – especially where defense counsel comes forward with relevant evidence which was not previously available." ***Id.*** at 523 (citation omitted). Therefore, appellant's "conduct since the prior sentencing hearing is relevant at resentencing." ***Id.*** (citation omitted).

Here, the sentencing judge did take note of new evidence at Smith's resentencing hearing. First, the court acknowledged its previous sentencing

error and its obligation to comply with this Court's directive upon remand. N.T. Resentencing Hearing at 4; **see also** Supp. 1925(a) Op. at 5. The court also considered the fact that Smith had no disciplinary write-ups since being incarcerated for approximately two years and had shown a willingness for rehabilitation and engagement in the prison's programs. N.T. Resentencing Hearing at 28-29, 43-44. The court further stated that it had reviewed Smith's sentencing memorandum prior to the resentencing hearing, wherein Smith accepted responsibility for the crime and expressed an eagerness to be a better father to his young son. **Id.** at 43; Smith's Sentencing Memorandum, filed, 8/16/22, at 1, 5 (unpaginated). The court also permitted Smith to speak on his own behalf, and he apologized to the victims. N.T. Resentencing Hearing at 38. The court also acknowledged that seven of Smith's family members were present at the resentencing hearing in support of him. **Id.** at 37.

The court further indicated that it reviewed its notes from the initial sentencing hearing and recalled the victims' testimony. **Id.** at 6. The court considered the serious nature of the crime and the long-lasting impact of the crime on the victims. It also had the benefit of a PSI.

After a review of the record, we conclude that the sentencing court did not abuse its discretion when it resentenced Smith and it adequately stated on the record its reasons for Smith's resentence. It is evident that the trial court considered all relevant factors in fashioning Smith's resentence. Thus, no relief is due.

Smith's second issue largely repeats the same arguments as in his first issue. For the reasons previously stated, we find no merit in Smith's claim. To the extent Smith argues that the court failed to employ the applicable sentencing guidelines on the deadly weapon enhancement, the court did, in fact, apply the deadly weapon "possessed" enhancement, as Smith requested, and not the "used" enhancement. ***See*** Supp. 1925(a) Op. at 5 (citing N.T. Resentencing Hearing at 33).

Smith's final claim is that the "Guideline Sentence Forms" filed on the robbery counts are "incorrect and do not reflect the [sentencing c]ourt's stated intent at sentencing." Smith's Br. at 35. Smith contends that the forms improperly indicated that the "used" deadly weapon enhancement was applied when the court stated at the resentencing hearing that it applied the "possessed" enhancement. ***Id.*** at 33-34.

The sentencing court addressed this issue as follows:

> According to [Smith], the Sentence Guideline Forms improperly contain the term "used" in the "Enhancement" portion of the Sentence Guideline Forms as it pertains to the [r]obbery charges. Although the trial court does not directly complete such forms, to the extent that the Sentence Guideline Forms are inconsistent with the sentence imposed by the trial court as reflected in the record, the trial court's sentence as announced and imposed would control.

Supp. 1925(a) Op. at 6.

The court adequately addressed the alleged discrepancy. We find no error.

Judgment of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2023